## In re KINDT.

(District Court, S. D. Iowa, E. D. January 22, 1900.)

BANKRUPTCY—JURISDICTION IN VOLUNTARY CASES—APPEARANCE BY ATTORNEY.
An adjudication of bankruptcy duly entered upon the voluntary petition of a debtor personally within the jurisdiction of the court, the petition and schedules being signed and verified by the bankrupt himself in proper form, will not be set aside, on motion of a creditor, because the attorney who appeared on the petition as the bankrupt's attorney, and who represented him before the referee, had not been admitted to practice in the federal courts of the district; such an objection not affecting the jurisdiction of the court.

In Bankruptcy. On review of decision of referee in bankruptcy overruling a motion to set aside the adjudication and dismiss the proceedings.

Isaac Petersberg and C. F. Hubbell, for creditor.
Ely & Bush, for bankrupt.

SHIRAS, District Judge. From the record in this case it appears that Charles T. Kindt filed in the office of the clerk of this court at Keokuk a voluntary petition in bankruptcy, the petition and schedules thereto attached being signed and sworn to by the bankrupt in proper form. The judge of the district being then absent from the division, the clerk referred the case to the proper referee, by whom the adjudication was duly entered. Upon the petition thus filed, Ely & Bush appeared as attorneys for the bankrupt, and they represented him before the referee. Subsequently one W. W. Humphrey, scheduled as a creditor of the bankrupt, appeared before the referee, and moved to set aside the adjudication in bankruptcy and to dismiss the proceedings on the ground that this court, including the referee, had never acquired jurisdiction in the case, because the bankrupt had elected to prosecute the proceedings by an attorney, to wit, the firm of Ely & Bush, and that neither of the members of the firm had been admitted to practice in the federal courts of the Southern district of Iowa, although they had been residents in the district for over four years. The referee overruled the motion to dismiss, and his ruling in this particular is now brought before the court for review.

On behalf of the creditor it is urged that under the provisions of general order No. 4, as promulgated by the supreme court (18 Sup. Ct. iv.), and the practice in this court, as established by Judge Woolson, the appearance of Ely & Bush on behalf of the bankrupt should not have been recognized, as they were not then admitted as attorneys of the court. The fact that recognition may have been given to the appearance of these attorneys, when under the rules of the court it should have been refused, does not affect the jurisdiction of the court over the proceedings, nor render void the adjudication in the case. General order No. 4 provides that proceedings in bankruptcy may be conducted by the bankrupt in person, in his own behalf, and that "every party may appear and conduct the proceedings by attorney, who shall be an attorney or counsellor authorized to practice in the circuit or district court." We do not look to this order for the law governing the method of acquiring or conferring jurisdiction over bankruptcy cases. It is not questioned that the bankrupt, when the petition was filed, was a resident of the district, and had been such resident for more than six months preceding the time of filing the petition. Therefore, when the petition and schedules, duly signed and sworn to by the bankrupt, were filed in the clerk's office, the jurisdiction over the case and over the person of the bankrupt was acquired by the court, under the provisions of section 2 of the bankruptcy act, and the court, including the referee, had the right to enter the adjudication. In the further proceedings had in the case, under general order No. 4, the bankrupt could act in his own behalf, or through an attorney of the court. In this case it appears that the bankrupt was represented by attorneys who had not been admitted to practice in the federal courts of this district. It was unquestionably irregular to recognize their appearance, but it was done. If the motion made by the creditor had been to expunge their appearance, or to ask an order from the

court staying the proceedings until the bankrupt procured an attorney of the court to appear for him, there might have been ground for granting such a motion; but what is now asked is that the adjudication be set aside and the case be dismissed for want of jurisdiction in the court, and, as already said, jurisdiction was acquired over the case, not through the appearance of Ely & Bush as attorneys, but by the filing of the petition and schedules signed and sworn to by the bankrupt. The ruling of the referee is therefore affirmed. It may be further stated that since the filing of the motion to dismiss before the referee the members of the firm of Ely & Bush have been admitted to the bar of this court, so that in the further progress of the case the bankrupt will be represented by attorneys of this court.