## In re KLEINHANS et al.

(District Court, W. D. New York. January 9, 1902.)

No. 818.

1. BANKRUPTCY—RECEIVERS—SUMMARY PROCEEDINGS—JURISDICTION.

Bankr. Act, § 2, subd. 3, gives the court in which bankruptcy proceedings are pending power to appoint marshals or receivers to take charge of the property of the bankrupt, and section 70 provides that a trustee of a bankrupt's estate is vested with the title of the bankrupt at the date of the adjudication. *Held*, that where a receiver was appointed to take charge

of the goods of the bankrupt, and prior to his qualification lessors of the bankrupt instituted summary proceedings in the state court to recover the leased premises containing the goods of the bankrupt, but no possession was obtained prior to the qualification of the receiver, he was entitled to an injunction restraining the summary proceedings.

**2. SAME—REMOVAL OF ASSETS.**

The lessors may petition the court to have the goods of the bankrupt removed and the premises vacated by the receiver.

In Bankruptcy. In the matter of a petition that Horace Kleinhans and Edward L. Kleinhans be adjudged bankrupts. Motion by Seaver & Jenkins and others to vacate an injunction against summary proceedings instituted by them to obtain possession of the premises leased to the bankrupts. Motion denied.

Seaver & Jenkins, for landlords James Mooney and others.

Baker, Schwartz & Dake, for receiver Gabriel Elias.

Shire & Jellinek, for receiver Moses Kochenthal.

HAZEL, District Judge. This is a motion to vacate an injunction against summary proceedings instituted by the landlords of the alleged bankrupts in the municipal court of Buffalo. It appears from the papers read on the motion that on the day of filing the creditors' petition, returnable January 8, 1902, that Horace and Edward L. Kleinhans be adjudged bankrupt, an order to show cause why a receiver should not be appointed was granted. Counsel for petitioning creditors and counsel for the alleged bankrupts appeared in court on the afternoon of the same day that the order was granted, and consented to the appointment of Gabriel Elias as receiver. Mr. Elias was appointed receiver, and duly qualified on December 27, 1901, the following day, and on the same day took into his custody the property of the bankrupts, consisting of men's furnishing goods, contained in store leased by the alleged bankrupts from James Mooney and others. The business was by order of the court continued by the receiver. At this time H. Kleinhans & Co., the alleged bankrupts, were indebted to the lessors of the store in the sum of $3,125.00, the rent for the month of December, payable December 1st in advance. On the same day that the receiver was appointed summary proceedings were commenced in the state court to remove the alleged bankrupts from their store for nonpayment of rent. The removal proceeding was enjoined by this court on the application of the receiver pending a motion to continue the stay until the adjudication. Counsel for landlords lay stress upon the contention that the jurisdiction of this court did not attach before that of the municipal court, and that the receiver did not obtain title to the property prior to the institution of the proceedings in the municipal court.

The question presented here is not whether the receiver obtained title to the property of the alleged bankrupts by virtue of his appointment, but rather whether the bankruptcy court obtained such jurisdiction over the res at the time of filing the involuntary petition to have H. Kleinhans & Co. adjudged bankrupts as to justify this court's intervention in an attempt on the part of the lessors to oust the receivers and officers of this court, to the detriment of the bank-

rupt estate, from the possession of the leased premises. Counsel for lessors contend that by section 70 of the bankrupt act a trustee of a bankrupt's estate is vested by operation of law with the title of the bankrupt as of the date of the adjudication, and that in the absence of an express provision of the bankrupt act vesting title in the receiver as of the date when a petition is filed it must be held that the title continues in the alleged bankrupts until a trustee is appointed, and therefore the process of the state court to remove for nonpayment of rent ought not to have been enjoined. This contention is unsound. Coincident with the filing of a petition in bankruptcy, either voluntary or involuntary, a court of bankruptcy acquires control over the estate of a bankrupt or person charged with acts of bankruptcy. It may immediately seize and lay claim to all property either in the actual possession of the bankrupt or such as may be reduced to possession. Power is conferred on the court to appoint marshals or receivers to take charge of the property of bankrupts. Section 2, subd. 3, Bankr. Act. It is the immediate duty of the receiver of the property to preserve the estate intact, and to conserve the assets and estate of the bankrupt, pursuing that course pointed out by the act which will best promote and further the interests of the creditors. True, the receiver here is not vested with a title to the property of which he becomes custodian, nor does any provision of the bankrupt act vest him with powers similar to that of a trustee appointed by the creditors. The property, however, corporeal and incorporeal, either comes into his possession as an officer of the court, or such right to possession is obtained as will tend to retain intact the actual and visible assets of the bankrupt, to the end that, when an adjudication is made, the trustee may be vested not merely with the bankrupt's title to the property, but that he may have and receive the actual possession of all assets in the control of the bankrupt at the instant that the protection of the court was invoked. It is insisted on behalf of the lessors that, inasmuch as the receiver did not qualify before the summary process to remove the tenants was issued by the state court, he acquired no such right of possession as to deprive the state court of its jurisdiction. The receiver, however, had qualified, and this court was in possession, through its receiver, before the lessors had obtained possession or the right of possession through their summary proceeding, and before the application for an injunction was made. Manifestly, the jurisdiction of the court having attached before that of any other court, the receiver, in the exercise of his duty, properly invoked the court's jurisdiction to have the proceedings instituted in the state court enjoined. In re Chambers, Calder & Co. (D. C.) 98 Fed. 867. In re Metz, Fed. Cas. No. 9,509, was a case very similar to this. In that case an injunction was granted restraining interference with the property of the bankrupt before adjudication in an involuntary proceeding and restraining the landlord from dispossessing them. The injunction order was made after the proceedings to dispossess the debtors were instituted. Judge Blatchford said:

"The occupation of the premises by the marshal was the occupation of them by the court. * * * A landlord who lets premises to a tenant to

be occupied for the purposes of trade must be held to do so with the full understanding that the tenant may be proceeded against in bankruptcy, and that the bankrupt court may be called upon to take possession of the goods of the tenant on the premises. In many cases it would be impossible to remove the goods, before a sale of them, without great loss and injury."

The injunction is continued until after an adjudication or the dismissal of the petition. If H. Kleinhans & Co. are adjudicated bankrupts, a further stay may be granted. The question of allowance for rent during the time of occupancy by the receiver is not before me. In view of the fact, however, that quite serious damages may result to the lessors by reason of the receiver's occupancy of the store in question, and that they may be deprived of an advantageous lease for a period of years either at the same or greater rental, it appears to me to be proper to suggest that under such circumstances the lessors may petition the court to have the goods of the alleged bankrupts removed and the premises vacated by the receivers.