In re RUSSELL et al.

(Circuit Court of Appeals, Second Circuit. April 3, 1900.)

No. 132.

1. BANKRUPTCY—APPEAL AND REVIEW—APPEALABLE ORDERS.
    An order of the district court, in bankruptcy, enjoining the prosecution of an action of replevin brought in a state court against a trustee in bankruptcy by a third party, claiming goods in his possession, and referring the claim of such party to a referee in bankruptcy to ascertain and report the facts, is not a final decision, or appealable, under Bankr. Act 1898, § 25, but may be brought before the appellate court for review on a petition invoking the supervisory power of that court under section 24b.

2. SAME—JURISDICTION—STATE AND FEDERAL COURTS.
    State courts have jurisdiction, concurrent with that of the courts of bankruptcy, of actions to determine the rights or titles of third persons,

not parties to the bankruptcy proceedings, claiming property adversely to the bankrupt, or in hostility to his trustee.

3. SAME—REPLEVIN AGAINST TRUSTEE—INJUNCTION.

A person claiming to be the owner of property in possession of the bankrupt, and which has passed into the hands of the trustee in bankruptcy, will not be allowed to prosecute replevin in a state court without the consent of the bankrupt court.

4. SAME—REMEDIES OF CLAIMANT—JURY TRIAL.

Such claimant has the right to trial by jury in the federal court, and cannot be required to submit his claims to adjudication in a summary proceeding, on petition, rule to show cause, and reference of the case to the referee in bankruptcy. He may maintain a plenary action against the trustee in the bankruptcy court, or trespass or trover in a state court.

Appeal from the District Court of the United States for the Northern District of New York, in Bankruptcy.

Wm. De Graff, for appellant.

Calvin J. Huson, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The order sought to be reviewed is not a final decision, and, as it does not fall within any of the classes mentioned in section 25 of the bankrupt act, should have been presented for review pursuant to section 24, cl. "b," by a petition invoking the supervisory power of the court. The petition and assignments of error upon which the appeal was allowed contain, in substance, everything which should appear by such a petition; and as no objection has been made to the method of review which has been adopted, and as it is not disputed that the record presents the case between the parties adequately, we will treat the appeal as though it were a petition of review, but not intending by doing so to make a precedent for the future.

April 15, 1889, the United States district court for the Northern district of New York adjudged Russell & Birkett bankrupts, and appointed Wise trustee in bankruptcy. The trustee duly qualified and entered upon the discharge of his duties, and took into his custody certain property in the possession of the bankrupts, claimed to belong to the Machinists' Supply Company. June 10, 1889, the Machinists' Supply Company brought an action of replevin against the trustee in the supreme court of the state of New York to recover possession of such property. Thereupon the trustee applied to the district court for the Northern district of New York, as a court of bankruptcy, for an order enjoining the Machinists' Supply Company from prosecuting its action of replevin, and for such other relief as the court might deem proper to grant. The application was based upon a petition by the trustee, and an order by the court to show cause, both of which were personally served upon the Machinists' Supply Company. Upon the return day the Machinists' Supply Company resisted the application, but an order was made by the court enjoining the prosecution of the action, and, as a preliminary to a final adjudication of the rights of the parties, referring "the claim of said Machinists' Supply Company" to a referee in bankruptcy to take proofs and report. It is now insisted by the Ma-

chinists' Supply Company' that it was entitled to bring and prosecute its action in the state court, that the stay of its proceedings by the bankruptcy court was an erroneous exercise of power, and that the bankruptcy court was without jurisdiction to compel it to litigate its title to the property in question in that court in a summary proceeding upon a petition.

We have recently had occasion to consider the question whether courts of bankruptcy have jurisdiction to adjudicate the rights or titles of persons not parties to the bankruptcy proceeding, claiming adversely to the bankrupt or in hostility to the trustee, and have held that they have such jurisdiction when a plenary suit is brought by the trustee. In re Baudouine (C. C. A.) 101 Fed. 574. The jurisdiction is not exclusive, and the adverse claimant is at liberty to assert his rights by an action in the circuit court, or a state court, if he sees fit.

Under the bankrupt act of 1867, the state courts had cognizance of such actions,—not by express grant, but because the act did not devest them of jurisdiction. As was said in Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403:

"The debtor of a bankrupt, or the man who contests the right to real or personal property with him, loses none of those rights by the bankruptcy of his adversary. The same courts remain open to him in such contests, and the statute has not devested those courts of jurisdiction in such actions. If it has, for certain classes of actions, conferred a jurisdiction for the benefit of the assignee in the circuit or district courts of the United States, it is concurrent with, and does not devest them of, the state courts."

This doctrine was approved in Claflin v. Houseman, 95 U. S. 130, 23 L. Ed. 833, where many decisions of other tribunals to the same effect are cited. Upon the same considerations, the state courts have cognizance since the present act, not being devested of jurisdiction by any of its provisions.

We should entertain no doubt that the Machinists' Supply Company was entitled to bring an action of trespass or trover for the recovery of the value of the property against the trustee in the state court. But the action brought, being replevin, is one for the seizure of property in the custody of the bankruptcy court, because in the custody of its officer, which, upon the principle decided in Freeman v. Howe, 24 How. 450, 16 L. Ed. 749, is protected from any interference by state process, or by the process of any other court not exercising supervisory jurisdiction. When property is in the actual possession of a court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control (Rouse v. Letcher, 156 U. S. 47, 49, 15 Sup. Ct. 266, 39 L. Ed. 341); and, as between two courts exercising concurrent jurisdiction, the court which first · acquires possession will maintain its possession intact. In Taylor v. Carryl, 20 How. 594, 15 L. Ed. 1032, it was said:

"The court of chancery does not allow the possession of its receiver, sequestrator, committee, or custodee to be disturbed by a party. whether claiming by title paramount, or under the right which they were appointed to protect, as their possession is the possession of the court."

The power of protecting itself from such a disturbance is co-extensive with the right of self-preservation, and, if not inherent in

every tribunal, is in all having the powers of courts of equity. A federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody. Summers v. White, 36 U. S. App. 395, 17 C. C. A. 631, 71 Fed. 106; Louisville Trust Co. v. City of Cincinnati, 47 U. S. App. 36, 22 C. C. A. 334, 76 Fed. 296. Authority to courts of bankruptcy to protect the property in their custody from such interference would seem to be specifically conferred by that provision of section 2 of the act permitting them to make such orders and issue such processes as may be necessary for enforcing their jurisdiction. The prohibition of section 720 of the Revised Statutes against enjoining the proceedings of a state court does not apply when any law relating to bankruptcy authorizes an injunction; nor does it when the proceedings sought to be enjoined have been commenced after the jurisdiction of the federal court has attached. Fish v. Railroad Co., 10 Blatchf. 518, Fed. Cas. No. 4,830; French v. Hay, 22 Wall. 250, 22 L. Ed. 857; Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497.

We conclude that the order under review, so far as it stayed the prosecution of the replevin action, was properly made, and that, unless leave is obtained of the court of bankruptcy, the Machinists' Supply Company must bring its action in that court. By clause "c" of section 19 of the bankrupt act, it is entitled to a trial by jury. In Re Baudouine, we pointed out that, in the absence of provisions to the contrary in the act, it is to be presumed that congress intended the ordinary procedure of courts of law or equity, according to the nature of the controversy, should be observed. The order under review, so far as it undertook to deprive the Machinists' Supply Company of the right to be heard in a plenary suit by a reference of the controversy to a referee, was an erroneous exercise of power, and to that extent should be reversed, with costs.

It is accordingly so ordered.