## In re KANTER & COHEN.

(Circuit Court of Appeals, Second Circuit. February 25, 1903.)

No. 75.

1. RECEIVER OF BANKRUPT'S ESTATE—SUIT IN STATE COURT—LEAVE OF COURT —INJUNCTION.

Under Act Cong. Aug. 13, 1888, c. 866, § 3 (25 Stat. 436 [U. S. Comp. St. 1901, p. 583]), permitting suits against receivers to be brought without previous leave of court, and on the principle that state courts have concurrent jurisdiction to determine the rights or titles of third persons claiming property adversely to a bankrupt's estate, an injunction sought by the temporary receiver of a bankrupt's estate to restrain the prosecution of an action of trover in a state court by one claiming chattels in the receiver's hands is properly refused.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

H. B. Clausson, for petitioner.

M. D. Stwer, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. This is a petition to review an order of the United States District Court for the Southern District of New York, in bankruptcy, denying the application of a receiver to restrain the prosecution of an action of trover brought against him in one of the state courts by one Steinburg. Kanter & Cohen, having filed their

petition to be adjudicated bankrupts, the court, pending the adjudication, by its order appointed Hough as temporary receiver of their estate. Shortly thereafter certain chattels which were supposed to be the property of the bankrupts were delivered into the possession of Hough by the police of New York City. Steinburg, claiming to be the owner of the chattels, brought the action to recover their value the prosecution of which the receiver sought to restrain.

If the action had been in replevin, a different question would arise, but as it is we entertain no doubt that the court below properly refused the receiver's application. The questions involved were considered by this court in Re Russell & Birkett, 3 Am. Bankr. R. 658, 101 Fed. 251, and the decision in that case disposes of them. See, also, Act Aug. 13, 1888 (chapter 866, § 3, 25 Stat. 436 [U. S. Comp. St. 1901, p. 583]), permitting suits against receivers to be brought without previous leave of the court.

Order affirmed, with costs.