### In re SPITZER et al.

#### (Circuit Court of Appeals, Second Circuit. May 17, 1904.)

#### No. 197.

1. BANKRUPTCY—ACTION OF TROVER AGAINST RECEIVER- JURISDICTION OF STATE COURT.

A state court has jurisdiction of an action of trover brought against a trustee or receiver in bankruptcy to recover the value of property alleged to have been converted by him as a part of the assets of the estate.

Petition to Review the Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon petition for review of an order of the District Court, Southern District of New York, restraining the petitioner from prosecuting certain actions in the state court against Louis E. Binsse, who was duly appointed receiver of the assets of the bankrupt.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 414.

M. D. Steuer, for petitioner.

S. J. Rawak, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

LACOMBE, Circuit Judge. The date of adjudication in bankruptcy does not appear, but Binsse was appointed receiver on November 25, 1903. Prior to his bankruptcy Spitzer assigned certain of his accounts receivable, amounting to about $20,000, to Rosenberg, for a valuable consideration. Rosenberg paid 80 per cent. of the face value of said accounts, less certain discounts in cash, and agreed that any amount in excess of that sum which he might collect—after retaining 2 per cent. a month—should eventually be paid over to Spitzer. Whether or not Rosenberg has collected from Spitzer's debtors 80 per cent. of the total indebtedness besides the discounts and the 2 per cent. does not appear. All that the receiver avers in his petition is that 20 per cent. of the total amount of said accounts (less the deductions) is an "indemnity fund, * * * part and parcel of the assets of the estate," and that Rosenberg is indebted to the estate of the bankrupt in a sum exceeding $2,500 on account of said assignment. It is not disputed that the assignment of the several choses in action to Rosenberg was a perfectly proper one, made in entire good faith; nor is it claimed that it is obnoxious to any provision of the bankrupt act. Whatever sum might be due or might eventually become due from Rosenberg to the bankrupt on account of the purchase price which he had agreed to pay, and of which he had paid 80 per cent. only, there can be no doubt that the property and title to each and every one of the choses in action specified in the assignment passed to Rosenberg. Rosenberg was examined as a witness in this proceeding, told of the assignment to him, and subsequently gave the receiver a transcript from his ledger showing precisely what accounts he had purchased from Spitzer. The record before us indicates that there were outstanding accounts of the bankrupt's debtors which were not transferred to Rosenberg. The receiver has collected various sums of money from several debtors of the bankrupts. Rosenberg claims that among them are items which were included in the assignment to himself, and he has brought actions against the receiver in the state court to recover damages for their conversion. The order sought to be reviewed restrained Rosenberg from further prosecution of these actions.

The sole question presented upon this appeal, viz., whether the state court has jurisdiction of these actions of trover, has already been disposed of in this court. In Re Russell & Birkett, 101 Fed. 248, 41 C. C. A. 323, a trustee in bankruptcy had taken into his custody certain property in the possession of the bankrupts, which it was claimed belonged to the Machinists' Supply Company. That company brought an action of replevin against the trustee in the state court to recover possession of such property, and the United States District Court enjoined the further prosecution of that action. We held that the action for replevin was properly enjoined, because it was one for the seizure of property in the custody of the bankruptcy court, which, upon the principle decided in Freeman v. Howe, 24 How. 450, 16 L. Ed. 749, is protected

from any interference by state process; but also held that: "We should entertain no doubt that the Machinists' Supply Company was entitled to bring an action of trespass or trover for the recovery of the value of the property against the trustee in the state court." And in Re Kanter & Cohen, 121 Fed. 984, 58 C. C. A. 260, which was an action of trover, we reaffirmed our decision in the Russell & Birkett Case.

The order of the District Court is therefore reversed, with costs.