## In re PLATTEVILLE FOUNDRY & MACHINE CO.

### (District Court, W. D. Wisconsin. August 13, 1906.)

### No. 92.

1. BANKRUPTCY—TITLE OF TRUSTEE—LIENS.

Under Bankr. Act, July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], providing that the trustee in bankruptcy shall be vested with the title of the bankrupt as of the date of the adjudication to all property which the bankrupt by any means could have transferred or which might have been levied on and sold by judicial process against him, liens on the bankrupt's property which were valid when bankruptcy intervened remain undisturbed.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 286–295.]

2. SAME—SALE OF PROPERTY.

An order by the bankruptcy court directing a sale of the bankrupt's property without mentioning liens will be construed as only authorizing a sale subject to existing liens.

3. SAME—NOTICE.

An order directing a sale of a bankrupt's property on which valid liens exist should be granted only on notice to lien creditors, and the record should affirmatively disclose that every creditor whose lien will be discharged by the sale has received such notice.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 361, 362.]

4. SAME—WAIVER OF IRREGULARITY.

Where property belonging to a bankrupt was sold free from liens, the act of a lien creditor in bringing trover against the trustee for the conversion of the property so sold constituted an affirmance of the sale.

5. SAME—PETITION—SEQUESTRATION.

The taking possession of the property of a bankrupt by the bankruptcy court does not operate as a caveat or sequestration of property owned by the bankrupt subject to valid liens, so as to make the holder of the lien a party to the proceedings.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 322.]

6. SAME—POSSESSION—REPLEVIN.

Where property belonging to a bankrupt subject to valid liens has been taken possession of by the bankruptcy court, the lien creditor cannot interfere therewith or maintain replevin against the receiver or trustee.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 238.]

7. SAME—RIGHTS OF CREDITOR.

Where personal property of a bankrupt was subject to a chattel mortgage, the mortgagee was entitled to petition the bankruptcy court for payment of the amount of the mortgage debt, in which case the court would have jurisdiction to determine the validity of the lien.

**8. SAME—JURISDICTION—STATE AND FEDERAL COURTS—CONFLICT.**

Where personal property belonging to a bankrupt and subject to a chattel mortgage was sold by the bankrupt's trustee, the mortgagee was entitled to maintain trover in a state court against the trustee to establish the validity of the mortgage; he never having appeared in the bankruptcy court, or in any way consented that the latter might take jurisdiction to determine his rights.

Richmond, Jackman & Swansen, for trustee.

Gilbert & Gilbert, for creditors.

A. W. Kopp and M. G. Jeffris, for chattel mortgagee.

SANBORN, District Judge. This is an order to show cause issued upon the petition of the trustee in bankruptcy, brought for the purpose of testing the right of the holder of a chattel mortgage upon property taken possession of and sold by the trustee to maintain an action of trover in the state court against the trustee to recover the amount of the mortgage debt. It is sought by the trustee to restrain him from prosecuting the suit begun in the state court. It appears from the petition and from the record that more than four months prior to the adjudication O. A. Eastman took from the bankrupt a chattel mortgage for $7,000 on certain machinery and other property of the bankrupt. Shortly after the adjudication and on February 20, 1905, upon a petition made by the receiver appointed by this court, the referee made an order directing the receiver to sell the manufacturing plant of the bankrupt. This order was made without notice to the mortgagee, so far as the record discloses, except, however, that the petition upon which the order to show cause was granted states that at the time of the adjudication the attorney of the mortgagee was present, and after consultation in regard to an early sale of the property it was agreed that it was for the best interest of the creditors to proceed as rapidly as possible to sell the plant, and that if there were any valid liens against the property said liens would attach to the proceeds of the sale in the hands of the trustee. The order of sale does not direct that the property be sold free from incumbrances. It further appears from the petition that after the order of sale was made the attorney for the mortgagee informed the receiver that, although his rights as mortgagee might be sufficiently protected by having his claim as mortgagee attach to the proceeds of the sale, yet he would prefer to have the question of the validity of the mortgage decided before the sale of the property, but that neither the mortgagee nor his attorney made any formal objection to the sale. The sale took place March 12, 1905. At the sale the attorney for the receiver (who had been meanwhile appointed trustee), stated that the property would be sold free and clear of all incumbrances, and that if any person held a valid lien against the property the lien would attach to the proceeds of the sale in the hands of the trustee, and that no distribution of the fund among the creditors would be made until the mortgagee, Eastman, and any other lien claimant, had an order made to have the question of the validity of his claim decided by the court. The property was ostensibly sold by the trustee free and clear of liens, and brought the sum of $12,000, and the sale was afterwards confirmed

by the court. On July 14, 1905, the mortgagee, Eastman, began suit in the state circuit court for Grant county, Wis., against the trustee and the purchaser at the sale, the Galena Iron Works Company, for the amount of the mortgage debt, with interest. The question is whether this court has power or jurisdiction to restrain the mortgagee from maintaining such suit in the state court, and also whether, if such jurisdiction exists, this is a proper case for its exercise.

It appears that at the time of the adjudication the bankrupt was in possession of the property which had been mortgaged, and the receiver, afterwards made trustee, took possession of the property, and that such possession was never disturbed. Section 70a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) provides that the trustee shall be vested with the title of the bankrupt, as of the date of the adjudication, to all property which he could by any means have transferred or which might have been levied upon and sold by judicial process against him. By this provision the trustee takes no better title than the bankrupt had. Liens which were at that time valid against the bankrupt remain undisturbed. In re New York Economical Printing Co., 110 Fed. 514, 49 C. C. A. 133, approved in Hewitt v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986. A trustee in bankruptcy is vested with no better right than the bankrupt. He does not take property sold to the bankrupt by conditional sale with a reservation of title in the vendor. The property is subject to all equities impressed upon it in the hands of the bankrupt. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956. A ruling of the United States Circuit Court of Appeals that a seizure by the bankruptcy court operates as an attachment and an injunction for the benefit of all the persons having interests in the property was reversed in York Mfg. Co. v. Cassell, 201 U. S. 344, 353, 26 Sup. Ct. 481, 50 L. Ed. 782.

It seems to be further settled that while the bankruptcy court, as well as the referee, may sell property free and clear from liens, yet the power to do so is extraordinary, and that an order merely directing the sale of the property, without mentioning liens, will be taken as a sale subject to any existing liens; and it seems to be further settled that notice to the lien creditors of the application for sale must not only be given, but the record must disclose affirmatively that every creditor whose lien will be discharged by the sale has received due notice of the application. This would seem to follow, indeed, from the rules laid down by the Supreme Court of the United States to the effect that the trustee takes no title to the interest of the lien claimant. Clearly such interest could not be divested without the consent of the holder of the lien or notice given him. It does not clearly appear from the petition that the mortgagee ever did consent to a sale of the property free from his lien. The record is silent upon the question as to what authority the attorney for the mortgagee had to agree to a sale free and clear from liens. In re Saxton Furnace Co., 14 Am. Bankr. Rep. 483, 136 Fed. 697; In re Worland, 1 Am. Bankr. Rep. 450, 92 Fed. 893; Matter of New England Piano Co., 9 Am. Bankr. Rep.

767, 122 Fed. 937, 59 C. C. A. 461; In re Sanborn, 3 Am. Bankr. Rep. 54, 96 Fed. 551. But by bringing trover the mortgagee has affirmed the sale. In Wisconsin a chattel mortgage carries the legal title to the property, leaving the general equitable title in the mortgagor, who has the right to sell the property and create other or subsequent liens upon it. Illinois Trust & Savings Bank v. Alex. Stewart Lbr. Co., 119 Wis. 54, 94 N. W. 777.

The bankrupt was lawfully in possession of the mortgaged property, and the possession of the receiver and trustee was likewise lawful; but the lien of the mortgage was not affected in any way by the bankruptcy, as the cases in the Supreme Court clearly show. The mortgagee has in no manner appeared in the bankruptcy proceedings. While there are several decisions in the District and Circuit Courts to the effect that the taking possession of the property by the bankruptcy court operates as a caveat or sequestration of property and makes the holder of a lien a party to the proceeding, yet those cases must be deemed to have been disapproved by the Supreme Court in the rulings cited. While it is true that the possession of the bankruptcy court could not in any way be interfered with by the mortgagee, and also that he could not maintain replevin for the property against the receiver or trustee, yet so long as he does nothing to interfere in any way with the property or its proceeds in the custody of the court he would seem to be entirely within his rights. The mortgagee might come into this court and petition for the payment of the amount of the mortgage debt. In that case this court would have jurisdiction because of the consent of the defendant or petitioner. In re San Gabriel Sanatorium Co., 111 Fed. 892, 50 C. C. A. 56; In re Durham (D. C.) 114 Fed. 750; In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 218.

By the action of trover, sought to be restrained under this order, the mortgagee in no way seeks to divest the possession of the court of the proceeds of the sale. The object of that suit is to test the validity of the mortgage and the right of the mortgagee to a judgment against the trustee. In that suit the trustee may plead that the property was sold by order of the court. The effect of the order, the sale announced to have been free and clear from liens, and the order of confirmation by the referee, as well as any conduct of the mortgagee or his attorney at the sale or at any other time which may be claimed to amount to a consent on the part of the mortgagee that the sale should be free and clear from any incumbrances, will be for the consideration of the state court; and if the mortgagee shall succeed in recovering the amount of the mortgage debt from the trustee the whole matter will still be within the power and control of this court, which has full jurisdiction to protect its officers and the funds in its control. In the following cases it was decided that trover or trespass against a trustee in bankruptcy would lie: In re Spitzer, 12 Am. Bankr. Rep. 346, 130 Fed. 879, 66 C. C. A. 35; In re Kanter & Cohen, 9 Am. Bankr. Rep. 372, 121 Fed. 984, 58 C. C. A. 260; In re Russell, 3 Am. Bankr. Rep. 658, 101 Fed. 248, 41 C. C. A. 323.

The mortgagee never having appeared in this court, or in any way

consented that this court might take jurisdiction to decide upon his rights to the proceeds of the property sold, or as to the validity of the chattel mortgage, I think that this court has no power to enjoin a suit in the state court. Even if such power existed, it would perhaps be better, in view of the fact that the action in trover is a plenary suit, triable by jury, while a petition in this court would not enable the mortgagee as a matter of right to demand a jury trial, to allow the action in trover to proceed. The practice is different in different districts in this respect. In some of the District Courts partition suits followed by a sale have been permitted by the bankruptcy courts to be prosecuted in the state courts. In other District Courts the tendency has been to compel all actions relating to the title to property of which the trustee takes possession to be litigated in the bankruptcy court. In a case like this it seems to me that, although it will be somewhat more expensive for the trustee to litigate the question in the state court, yet that it will, on the whole, be more conducive to the ends of justice not to interfere.

An order will be entered discharging the order to show cause and denying the petition of the trustee.