In re EMPIRE CONSTRUCTION & SUPPLY CO. et al.

(District Court, E. D. New York.   December 9, 1907.)

BANKRUPTCY—ACTION AGAINST TRUSTEE—INJUNCTION.

The landlord of a bankrupt, who presented no claim against the estate for the use and occupancy of the demised premises by the bankrupt's receiver or trustee, is not entitled to maintain an action in a state court against the trustee as such to recover for such use, although it is nominally an action in tort to recover damages, and such action will be enjoined by the court of bankruptcy.

In Bankruptcy.   On motion for stay of action in state court.

Robert J. Mahon, for trustee.

Henry Hoelljes, for Richard S. Abbe.

CHATFIELD, District Judge.   On October 25, 1905, the Empire Construction & Supply Company was adjudicated a bankrupt in this court, and on November 6th one Frederick Smith was appointed receiver.   On or about December 10th the receiver was elected trustee, qualified, and has been acting as such trustee from that time.   For the period between November 6, 1905, and May 1, 1906, one Richard S. Abbe owned certain premises, which had been previously occupied by the bankrupt corporation, at No. 75 Guernsey street and No. 48 Dobbin street, in the borough of Brooklyn.   The bankrupt corporation had been an undertenant under the lessee, one Charles H. Corbett, Jr., and on or about January 6, 1906, the plaintiff began dispossess proceedings in the Municipal Court in this borough against Corbett and the defendant corporation, in order to recover possession of his premises. On April 24, 1907, a final order was made granting a warrant to dispossess Corbett and the trustee.   In the petition in the Municipal Court it was alleged that on or about October 26, 1905, the day after the commencement of the bankruptcy proceedings, the tenant, Corbett, who had assigned to the bankrupt corporation, had agreed to surrender the premises to the landlord and terminate the lease.

The landlord has waited until the estate has all been administered, with the exception of about $60, and has made no claim against the estate before the referee in bankruptcy for use and occupation by either the receiver or trustee, but on or about the 22d day of August, 1907, started an action in the City Court of the City of New York, "against Frederick Smith, as trustee in bankruptcy of the Empire Construction & Supply Company, bankrupt," for damages in the sum of $550, with interest on $450 thereof from May 1, 1906.   The trustee has applied to this court for an injunction restraining the landlord from the prosecution of this suit.   The landlord claims that his suit is one for trespass, and not for use and occupation, and he apparently seeks to include in one cause of action allegations of damage for the reasonable rental value of his premises and a bill for attorney's services in the dispossess proceeding.   He expressly disavows, however, any claim against the receiver or trustee for use and occupation as such, apparently recognizing that such claim should have been made against the receiver or trustee as an expense of administration, or else admitting

that, if prosecuted by suit, there is no fund against which the execution would lie. The plaintiff alleges that his action sounds in tort, and assumes that he can sue a trustee, under his title as trustee, for acts done by the receiver, who is an officer of this court, and by the trustee himself in his official capacity.

The entire estate of the bankrupt was security for this rent previous to distribution, and the creditor now tries to maintain his action by making his prayer for relief a demand for money only, on allegations of damage by use and occupation of the hold-over tenant, who is stated in the complaint to have occupied the premises "under a claim of right under and pursuant to said lease." The case of In re Kanter and Cohen, 121 Fed. 984, 58 C. C. A. 260, affirming In re Russell & Birkett, 101 Fed. 248, 41 C. C. A. 323, is relied upon to show the right which individuals have to institute actions in the state courts against either receivers or trustees in bankruptcy for a tort; but in the Russell & Birkett Case the court expressly enjoined a writ of replevin because it affected the property in the custody of the bankruptcy court. If the present action could be maintained and judgment recovered against the trustee as trustee, it would certainly affect the property of the bankrupt estate, and would be an indirect method of attempting to collect a claim against the bankrupt estate, which by his own laches the creditor has failed to present in this court within the proper time. The case of In re Spitzer, 130 Fed. 879, 66 C. C. A. 35, distinguishes between a personal action against a receiver or trustee as an individual, and an action that is in reality within the principles of Freeman v. Howe, 65 U. S. 450, 16 L. Ed. 749, in which case the Supreme Court of the United States held that when a federal court had jurisdiction over the subject-matter of a controversy, particularly of a proceeding in rem, any question as to the jurisdiction or validity of a seizure of the property involved in the action should be passed upon by the federal court.

It is needless to follow out the distinction, in order to see if any reason exists why the federal court should allow the issue of a claim for rent to be litigated in the state court to satisfy the desires of the parties for an academic determination, or for any other reason. The plaintiff, having admitted that his action is not for rent, is bound thereby, and will be restrained from prosecuting any action in so far as it may be an attempt to collect rent. Rather than to attempt the interpretation of a pleading for the City Court of the City of New York, it seems best to stay the present suit, but without prejudice to the bringing of any action by the plaintiff, which he may have a right to bring, and which can be definitely ascertained from the form of pleading.