## In re SPECHLER BROS.

(District Court, E. D. New York. January 27, 1911.)

1. BANKRUPTCY (§ 115*)—RECEIVERS—MISCONDUCT—LIABILITY IN PERSONAM.

Where a receiver in bankruptcy acts as an officer of the court in the administration of the estate, the bankruptcy court has jurisdiction to determine the validity of his acts, even to the extent of preventing an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action at law by one who is raising no question and relying on no right which is not within the jurisdiction of the bankruptcy court in the bankruptcy proceeding, the parties being the same; but such court has no jurisdiction to prevent maintenance of an action against the receiver to enforce a liability in personam against him for acts done beyond the scope of his authority.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

2. BANKRUPTCY (§ 115*)—JUDGMENT—RES JUDICATA—DETERMINATION.

Whether a determination in bankruptcy that certain individuals had no claim on property taken by the receiver was res judicata as to a claim by them that the receiver did not have a right to the possession of the property and was guilty of conversion thereof in his individual capacity could not be determined by the bankruptcy court on an application to stay a suit in the state court by such persons against the receiver for such alleged conversion.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 115.*]

In the matter of Spechler Bros., bankrupts. Motion to stay action of Shapiro v. Youker, in the Supreme Court of New York, for alleged conversion. Denied.

Squiers & Lee, for Youker.

Thomas & Oppenheimer, for Shapiro.

CHATFIELD, District Judge. The present application is to stay an action for conversion, brought in the Supreme Court of New York by one Shapiro against the receiver in bankruptcy. The receiver took possession of a store which he claimed was the property of the bankrupt, and which was delivered to him upon a demand therefor as actually belonging to the bankrupts, although a fraudulent sale occurred to relatives, who must be held (and have been held in this court) to have had knowledge of the situation, so that they obtained no title, but might still try to trace the actual consideration paid therefor. A claim was made in this court by these purchasers for the property.

This was a proceeding in rem, but the acts of the receiver, if he did something beyond authority and constituting a tort, would render him liable to a claim in personam, outside of the disposition of the property of the estate. In so far as the acts of the receiver were entirely the acts of an officer of the court, and in so far as they were merely a part of the administration of the estate, this court has jurisdiction with respect to those acts, to enforce the decrees and orders of this court, even to the extent of preventing an action at law on the part of any one who is raising no question and relying upon no right which was not within the jurisdiction of this court in the bankruptcy proceeding, and where the parties are the same. Riverdale Mills v. Manufacturing Co., 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008.

The right of the individuals to the property has been determined and is res adjudicata as to a claim by them that the receiver did not have a right to the possession of the property; but this court cannot decide for some other court whether the matters which are res adjudicata are a complete defense to an action for tort against the receiver individually. In re Spitzer, 130 Fed. 879, 66 C. C. A. 35, citing In re Kanter & Cohen, 121 Fed. 984, 58 C. C. A. 260, and In re Russell & Birkett, 101 Fed. 248, 41 C. C. A. 323.

The issue upon which questions were adjudicated in this court may or may not cover all the essential elements of the issue in the other court; but that court should be allowed to determine this for itself, unless such action will affect the jurisdiction of this court over the matter which it is administering, and interfere with the proper exercise of that jurisdiction. In the case of In re Russell & Birkett, supra, the Circuit Court of Appeals said:

"We should entertain no doubt that the Machinists' Supply Company was entitled to bring an action of trespass or trover for the recovery of the value of the property against the trustee in the state court."

And in the case of In re Empire Construction Co., 166 Fed. 1019, 92 C. C. A. 666, the Circuit Court of Appeals reversed this court for a similar reason. In the latter case a landlord, seeking to recover for the use and occupation of his premises, sued for trespass the receiver and trustee, in the form of damage for alleged unwarranted possession after an adjudication and an alleged dispossessing of the bankrupt. This possession had been substantially pending litigation between the parties, and the estate had been used up under the notice of the landlord, who had been a party in the bankrupt proceeding, and made no claim until he knew there was nothing from which to be paid out of the estate. Inasmuch as the receiver and trustee had remained in possession by order of this court, and such laches was shown, this court enjoined the action for trespass. But the appellate court held that the action, being for tort, was within the jurisdiction of the state court, and that any defense must be presented in that court in the action.

I can see no difference in the present case. The action for tort, namely, for conversion, against the receiver individually, may not be maintainable for an alleged injury, in which no personal use of the property can be shown. The right of the bankrupt estate to the property may entirely relieve the receiver from any personal liability, and the defense of res adjudicata may fit the actual cause of action. The action, being personal, need not delay the distribution of the estate in bankruptcy, as the result of the action for conversion can have no effect upon the previous holding by this court, that the goods belong in the estate. But the court which has sole jurisdiction over the tort action seems to be the only forum (under the rulings of the Circuit Court of Appeals) in which the question of defenses to that action may be determined, and the application for a stay must be denied.