In re TRAYNA & COHN.

In re SHODOROV.

(Circuit Court of Appeals, Second Circuit. February 28, 1912.)

No. 163.

BANKRUPTCY (§ 217*)—ENJOINING ACTIONS AT LAW AGAINST TRUSTEE IN-
DIVIDUALLY.

A bankrupt's chattel mortgagee is properly enjoined from prosecuting
an independent suit against the bankrupt's receiver or trustee as an in-
dividual for claimed conversion of the mortgaged property in selling it
free of liens, where he did not object to such sale, and afterwards ap-
plied to the bankruptcy court for application of the proceeds of the sale
in payment of his mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 49; Dec. Dig.
§ 217.*]

Noyes, Circuit Judge, dissenting.

Petition to Revise Order of the District Court of the United States
for the Southern District of New York.

In the matter of Trayna & Cohn, bankrupts. On petition by
Samuel Z. Shodorov to revise an order enjoining him from prosecut-
ing an action against E. Crosby Kindleberger, receiver. Affirmed.

Abraham P. Wilkes and Henry Kuntz, for petitioner.
Nathan M. Hutner, for trustee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. During all the times involved in this con-
troversy E. Crosby Kindleberger was receiver or trustee of the estate
of Trayna & Cohn, bankrupts. On April 13, 1911, he presented a
petition to the District Court, praying that he might be permitted to
sell the property of the bankrupts subject to all existing liens, among
them a chattel mortgage held by Shodorov, the petitioner. Subse-
quently, upon receiving information tending to show the invalidity of
the Shodorov mortgage, and believing that a much larger sum could
be obtained for the property by so doing, Kindleberger directed that
the property be sold free of all liens. It was so sold, and the trustee
has in his hands funds more than sufficient to pay the amount of the
petitioner's mortgage. No objection was made to the sale of the
property free of the liens thereon, although a representative of the
attorney for the petitioner was present at the sale. This representative
was informed that the proceeds of the sale would be held by the
receiver until the question as to the validity of the mortgage was
determined.

Subsequently counsel for Shodorov informed the receiver's at-
torney that application would be made to the bankruptcy court for
the payment of the mortgage out of the funds in the hands of the
receiver. Shodorov's counsel was then informed that if any such
application were made it would be opposed, and the validity of the
mortgage would be first determined by the court. Nevertheless, on
the 19th day of May, 1911, papers asking for this relief were served

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on the receiver by Shodorov's attorney. The motion coming on in court was referred to the referee in charge, both parties appearing and presenting affidavits in support of their respective contentions. The matter was then adjourned for hearing until June 2, 1911. On that day Shodorov failed to appear, his default was duly entered and the matter was adjourned without date.

On September 12, 1911, a summons and complaint was served upon Kindleberger in his individual capacity, charging him with the conversion of $1,550, the amount of said mortgage.

The petitioner relies upon Re Kanter & Cohen, 121 Fed. 984, 58 C. C. A. 260, Re Spitzer, 130 Fed. 879, 66 C. C. A. 35; Re Kalb & Berger Co., 165 Fed. 895, 91 C. C. A. 573, and several other authorities holding, in substance, that a court of bankruptcy will not enjoin the prosecution of an action against one of its officers seeking to charge him in his individual capacity. We are of the opinion that these authorities are inapplicable to the present controversy, for the reason that the petitioner voluntarily consented that it should be heard and determined in the bankruptcy court. He had knowledge of all the proceedings in bankruptcy affecting the mortgaged property, he did not object to the property being sold free and clear, his lien being transferred to the proceeds of the sale. He agreed that an application should be made to the bankruptcy court for the application of the proceeds of the sale in payment of his mortgage. Such application was made by him. Affidavits in opposition were prepared by the receiver and the matter was referred to the referee in charge to hear and determine the issue. A day was set for the hearing but the petitioner failed to appear and his default was noted. Thereafter he brought suit in the city court to recover the amount for which he had commenced proceedings in the bankruptcy court. By not objecting to the sale and by himself invoking the jurisdiction of the bankruptcy court, he ratified the sale free of liens and conferred authority upon the court to adjudicate the validity of his mortgage. The receiver relied upon and had a right to rely upon these acts of the petitioner and shaped his course accordingly. Had he known that the petitioner intended to hold him in trover he very likely would not have done the acts of which the alleged conversion is predicated. In any view he had a right to rely upon the question being determined in the tribunal whose jurisdiction the petitioner had invoked. Having by tacit consent and affirmative action induced the receiver to join issue with him in the bankruptcy court, the petitioner should not be permitted to remove the controversy to a tribunal which he may think more favorable to his contention.

There is no hardship in holding the petitioner to the jurisdiction first invoked by him. The money is in the bankruptcy court with his consent and he will have no difficulty in recovering the full amount if he succeeds in establishing the validity of his mortgage. We think the suit in the city court was vexatious and oppressive and that the petitioner was properly enjoined from prosecuting it.

The order is affirmed with costs.

NOYES, Circuit Judge, dissents.