In re GOLDBERG & SAGMAN.

Ex parte TEITELBAUM.

(District Court, S. D. New York. April 27, 1916.)

1. BANKRUPTCY ⚖293(1)—TITLE OF TRUSTEE—PROCEEDINGS.

A court of bankruptcy can entertain a petition by a judgment creditor of the corporation of which the bankrupt was an officer, and which turned its assets over to the bankrupt, to have those assets applied to the payment of the judgment, under the ordinary power of any court which has jurisdiction of a fund for distribution to draw to itself the disposition of all questions arising in its distribution; the determination of whether such proceeding shall be by plenary suit in that court, or by petition in the bankruptcy proceedings, being one merely of convenience.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ⚖293(1).]

2. BANKRUPTCY ⚖288(1)—TITLE OF TRUSTEE—"SUMMARY PROCEEDINGS."

Such proceedings are not strictly "summary proceedings," which term is technically applicable only to proceedings to reduce to the possession of the court property held by others.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⚖288(1).

For other definitions, see Words and Phrases, First and Second Series, Summary Proceeding.]

3. BANKRUPTCY ⚖302(1)—TITLE OF TRUSTEE—PROCEEDINGS—PETITION.

A petition by a judgment creditor of a corporation in bankruptcy proceedings against an officer of that corporation, to have applied to the payment of the judgment assets which the corporation turned over to

the bankrupt, which did not allege that the execution against the corporation was returned nulla bona, is insufficient.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 456; Dec. Dig. ⚖═302(1).]

In Bankruptcy. In the matter of Goldberg & Sagman, bankrupts. Petition by Samuel Teitelbaum to review an order of the referee dismissing a petition to apply assets in the hands of the trustee to the payment of petitioner's judgment. Referee's order reversed, and cause remanded.

This is a petition to review an order of a referee in bankruptcy dismissing the petition of the petitioner below. The petition dismissed alleged that the petitioner's firm was the holder of notes executed by the Superior Jewelry Company, Incorporated, which fell due after the bankruptcy, and upon which the firm sued the maker. Judgment was taken upon one note, and execution issued against the Superior Jewelry Company, Incorporated, which had not been returned at the time the petition was issued. The bankrupt, Sagman, before the bankruptcy, had been an officer of the Superior Jewelry Company, Incorporated, and on August, 1914, took over all its assets, which consisted of various pieces of jewelry and diamonds, without consideration; the bankrupts assuming the liabilities of the corporation. The assets are now in the possession of the trustee, and the petitioner demands that they be applied in payment of his judgment against the Superior Jewelry Company, Incorporated. On objection by the trustee, the referee held that the case must be prosecuted by "plenary suit," and that he had no "summary jurisdiction" to consider the claim of the petitioner. On this account he dismissed the petition.

David Haar, of New York City, for petitioner.
Blumberg & Immergluck, of New York City, for respondent.

LEARNED HAND, District Judge (after stating the facts as above). [1] Any court, whether or not it be one of bankruptcy, having acquired jurisdiction of a fund for distribution, will prevent suits elsewhere, and draw to itself the decision of all questions arising in its disposition. Indeed, it cannot discharge its own duties otherwise, for it must know how much it has to distribute. The method of determining the claims rests ordinarily in its discretion, though our Circuit Court of Appeals has held that, when a bankruptcy court enjoins a third party's suit elsewhere, it should secure him a jury trial, if he would have had such, had he been allowed to pursue his remedies. In re Russell, 101 Fed. 248, 41 C. C. A. 323. When the petitioner has no such rights, and especially when he comes in voluntarily and files a petition in the bankruptcy court, his claim should be entertained; there can ordinarily be no convenience in having a "plenary suit," as is suggested here.

[2] The jurisdiction of this court is unquestionable; and it is confusing to regard the proceedings here as "summary"—a phrase more technically applicable to proceedings to reduce to the possession of this court property held by others. This is a proceeding strictly analogous to ancillary dependent bills in equity, arising where the court has sequestered corporate assets for distribution. Such bills do not, for example, rest upon an independent diversity of citizenship; they rest upon the custody of the fund. That is the case here; convenience, and that alone, determines whether they shall proceed by petition entitled

in the bankruptcy suit, or by "plenary suit" under the hand of the court. In such a case as this there is no convenience in a "plenary suit." Therefore the case will proceed on this petition.

[3] The frame of the petition is somewhat ambiguous, and in any aspect it is bad as it lies; but it may be made good by amendment. Its vice rests in the fact that there is no allegation that the execution has been returned nulla bona, and without that a judgment creditor of the Superior Jewelry Company, Incorporated, would have no power to assert its rights. If, however, the execution is returned, perhaps the bill will lie as a judgment creditors' bill alleging that there are assets of the corporation which are not subject to execution, but which ought nevertheless to be applied to the judgment of the petitioner; or it may be that it will lie as a bill to set aside a fraudulent conveyance, upon the theory that there was an actual conveyance by the Superior Jewelry Company, Incorporated, without adequate consideration. All these matters, however, rest wholly within the powers of the referee when he passes on the case; I mean to express no intimation as to whether the petitioner can eventually succeed. The petition is, within the competence of the referee, to be disposed of on the merits, precisely as though it were an original bill in equity before a court of competent jurisdiction.

The order is reversed, and the cause remanded for further proceedings in accordance with this opinion.