### In re FRENCH.

### HILDING v. GUARANTEE BOND & MORTGAGE CO.

District Court, W. D. Michigan, S. D. January 29, 1927.

1. **Bankruptcy ⟜217(½).—Federal court may not enjoin action for conversion against trustee in bankruptcy pending in state court (Judicial Code, § 265 [Comp. St. § 1242]).**

Under Judicial Code, § 265 (Comp. St. § 1242), federal courts may enjoin proceedings in state courts relating to possessory rights in property being administered by them in bankruptcy, but the representative capacity of a trustee does not exempt him from liability for damages for conversion of property, and under the statute an action for such conversion pending in a state court may not be enjoined.

2. **Bankruptcy ⟜217(½).—Trustee, who has appeared and joined issue in action against him in state court, held not entitled to stay of such action.**

A trustee in bankruptcy, who has appeared and joined issue in an action against him in a state court, must exhaust his remedies in a state court before he may apply to the bankruptcy court for injunction.

In Bankruptcy. In the matter of Fred W. French, bankrupt. On petition of Charles V. Hilding, trustee, for injunction to restrain action by the Guarantee Bond & Mortgage Company against him, pending in state court. Injunction denied.

Wicks, Fuller & Starr, of Grand Rapids, Mich., for trustee.

J. T. & T. F. McAllister, of Grand Rapids, Mich., for creditors.

RAYMOND, District Judge. Complainant seeks to restrain an action pending in the state court, brought by defendant against complainant individually, to recover damages for alleged conversion of automobiles. The matter is before the court upon order to show cause why an injunction should not issue. It is the claim of complainant that the acts of conversion relied upon in the state court were performed by him as trustee in bankruptcy of the estate of Fred W. French, and that he cannot be held personally responsible in an action in that court for acts performed under the orders of the bankruptcy courts.

The complicated situation out of which this proceeding arises is set forth in the case of Guarantee Bond & Mortgage Co. v. Hilding

(C. C. A.) 290 F. 22. In that case it was held that the trustee in bankruptcy is estopped to deny the existence of a partnership which mortgaged the automobiles in question to the Guarantee Bond & Mortgage Company and that said trustee, therefore, has no right to possession thereof.

It is the claim of complainant that, immediately following the hearing in this court in the case above cited and prior to proceedings for appeal, possession of the automobiles was surrendered to the trustee by one Nelson, and that later, acting upon orders obtained from the referee in bankruptcy, the automobiles were sold. It appears from proofs taken at the hearing that the defendant, prior to the sale, perfected its appeal, and gave notice that said appeal had been perfected, and filed written protest against further proceedings before the referee in bankruptcy. The proofs establish the fact that the defendant in this case did nothing which would indicate an intention upon its part to surrender its claimed rights to a lien upon the automobiles in question. There is no proof that Nelson had or assumed to have any authority to bind the defendant by his acts or conduct.

[1] The determination of this case must rest upon the construction of section 265 of the Judicial Code (36 Stat. L. 1162) as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Comp. St. § 1242.

The exception in this statute has reference to section 11 and subdivisions 7 and 15 of section 2 of the Bankruptcy Act (Comp. St. §§ 9595, 9586). Hull v. Burr, 234 U. S. 712, 723, 34 S. Ct. 892, 58 L. Ed. 1557. Under this statute it has been held repeatedly that federal courts may enjoin proceedings pending in state courts relating to *possessory* rights in property being administered in the bankruptcy courts. See Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. On the other hand, it has been held consistently that the representative capacity of the trustee in bankruptcy does not exempt him from personal liability in actions for damages growing out of the alleged conversion of property, and that such actions pending in the state court may not be enjoined.

The relation between the state and federal courts was clearly stated in the case of Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 358, 28 L. Ed. 390, where it is said:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States, it is something more. It is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent, and have no common superior."

The distinction between controversies relating to the possession of the res and actions for damages for conversion is well stated in the case of Kline v. Burke Const. Co., 260 U. S. 226, 230, 43 S. Ct. 79, 81, 67 L. Ed. 226, 24 A. L. R. 1077, where it is said:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending."

Quotations from the following cases make clear the rule that the bankruptcy court is without jurisdiction to enjoin actions against trustees or receivers for conversion of property. In Petition of Schwartz (C. C. A.) 7 F.(2d) 79, 81, it was said:

"Section 2, cl. 15, of the Bankruptcy Act (Comp. St. sec. 9586), so far as material, is as follows: '* * * The * * * courts of the United States * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings * * * to * * * make such orders, issue such process, and enter such judgments in addition to those * * * provided for as may be necessary for the enforcement of the provisions of this act.'

"Under this act the bankruptcy court has jurisdiction to protect itself in the possession of the assets of the bankrupt, not only in its actual custody, but of those in its constructive possession. Orinoco Iron Co. v. Metzel, 230 F. 40, 144 C. C. A. 338. But this jurisdiction is limited to such cases as those in which it 'may be authorized by any law relating to proceedings in bankruptcy.' It has therefore been held that an action of trover may be maintained in a state court against the trustee in bankruptcy or marshal. In re Russell

et al., 101 F. 248, 41 C. C. A. 323; In re Kanter & Cohen, 121 F. 984, 58 C. C. A. 260; In re Spitzer et al., 130 F. 879, 66 C. C. A. 35; In re Mertens & Co., 147 F. 177, 77 C. C. A. 473. See, also, In re Interocean Transportation Co. (D. C.) 232 F. 408; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403. Leroux v. Hudson, 109 U. S. 468, 3 S. Ct. 309, 27 L. Ed. 1000; Hebert v. Crawford, 228 U. S. 204, 210, 33 S. Ct. 484, 57 L. Ed. 800.

"The restraining order which was issued in this case did not enjoin the petitioners from bringing any possessory action, but from instituting any suits against the attaching creditors and the deputy sheriff who made the attachments. The suits with which the attaching creditors had.been threatened were for damages sustained by one of the petitioners by reason of their wrongful acts, and it is clear that an action for conversion was contemplated. The bankruptcy court is without jurisdiction to enjoin the institution of such a suit in a state court."

In the case of In re Interocean Transportation Co. (D. C.) 232 F. 408, 410, Judge Learned Hand uses the following language:

"There is, however, another reason against any stay. Even if this were an action against the receiver himself, this court would not issue any stay. In re Russell, 101 F. 248, 41 C. C. A. 323; In re Kanter & Cohen, 121 F. 984, 58 C. C. A. 260; In re Spitzer, 130 F. 879, 66 C. C. A. 35; In re Mertens & Co., 147 F. 182, 77 C. C. A. 478. These cases establish the doctrine that, even when the receiver or trustee is in possession of goods, formerly the bankrupt's, his title may be tried in the state court by the simple expedient of avoiding any possessory action and suing in conversion. Doubtless it is true that when, after his appointment, he meddles with the property of others, he is liable to action. Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800. But these cases go further, and allow his mere refusal to surrender possession to be regarded as a tort for which he may be sued elsewhere."

In the case of In re Spechler Bros. (D. C.) 185 F. 311, which was an application to stay an action for conversion, the court said:

"The right of the individuals to the property has been determined and is res adjudicata as to a claim by them that the receiver did not have a right to the possession of the property; but this court cannot decide for some other court whether the matters which are res adjudicata are a complete defense to an action for tort against the receiver individually. In re Spitzer, 130 F. 879, 66 C. C. A. 35, citing In re Kanter & Cohen, 121 F. 984, 58 C.

C. A. 260, and In re Russell & Birkett, 101 F. 248, 41 C. C. A. 323."

See, also, In re Empire Constr. & Supply Co. (C. C. A.) 166 F. 1019; In re Platteville Foundry & Machine Co. (D. C.) 147 F. 828.

The cases principally relied upon by counsel for plaintiff, which have been held to be within the exception to the statute above cited, are the following: Berman v. Smith (D. C.) 171 F. 735; In re Trayna & Cohn (C. C. A.) 195 F. 486; Murphy v. John Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327.

Careful consideration of the case of Berman v. Smith leads to the conclusion that it recognizes and applies the principle of the foregoing decisions. Three suits were involved, two of which related to the possession of property. The other was an action for recovery of damages. As to the possessory actions the injunction was granted, while as to the action for damages the restraining order was dissolved.

In the Trayna & Cohn Case.the court also recognized the principles hereinbefore referred to and distinguished the case then under consideration by the statement that:

"We are of the opinion that these authorities are inapplicable to the present controversy, for the reason that the petitioner voluntarily consented that it should be heard and determined in the bankruptcy court. He had knowledge of all the proceedings in bankruptcy affecting the mortgaged property, he did not object to the property being sold free and clear, his lien being transferred to the proceeds of the sale. He agreed that an application should be made to the bankruptcy court for the application of the proceeds of the sale in payment of his mortgage. Such application was made by him."

It is obvious that case can have no application to the present situation, where the action of the trustee in bankruptcy was taken during the pendency of proceedings on appeal and against the written protest of defendant.

The case of Murphy v. John Hofman Co. involved the seizure of goods in the possession of a receiver in bankruptcy by writ of replevin issued by the state court. It was not an action for damages for conversion and is clearly in harmony with the principles heretofore stated.

The cases of In re Gutman (D. C.) 114 F. 1009, In re Schermerhorn (C. C. A.) 145 F. 341, In re Chambers, Calder & Co. (D. C.) 96 F. 865, In re Russell (C. C. A.) 101 F. 248, and In re Kleinhans (D. C.) 113 F. 107, also involved possessory rights and not personal liability.

It is urged that the plaintiff ·cannot be

liable for damages arising from the alleged improper use of the writ of injunction issued March 7, 1921 (whereby proceedings in the state court by defendant to foreclose the chattel mortgage were restrained), and that the defendant is estopped by its participation in the sale. and by also becoming the purchaser of the automobiles. These questions are not for consideration at this time. It is to be presumed that the rights of plaintiff in these and in all other defenses will be as adequately protected and enforced in the state as in the federal courts.

[2] There is another phase of the case which requires comment. The action here sought to be enjoined was instituted in the state court on September 15, 1923. On October 17, 1923, defendant filed plea of general issue with notice of special defenses. The bill of complaint for injunction was not filed in this court until December 7, 1925. Defendant, having thereby submitted to the jurisdiction of the state court, is entitled to a stay of proceedings by injunction from this court only upon showing clear and undoubted right thereto. He must now exhaust his remedies in the state courts. Should it then appear that the enforcement of any judgment which may be obtained against plaintiff will be contrary to the recognized principles of equity and the standards of good conscience, or would have the effect of impairing the jurisdiction of this court, this court may then prevent that result by means of an injunction. See Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, 65 L. Ed. 205; Julian v. Central Trust Co., 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629; Smith v. Apple (C. C. A.) 6 F.(2d) 559.

The restraining order heretofore issued will be, and the same is hereby, dissolved.