## In re L. RUDNICK & CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 184.

1. BANKRUPTCY—RIGHT TO PROPERTY—REPLEVIN—STAY—BANKRUPTCY JURISDICTION.

Where a sheriff took possession of certain personal property under a replevin writ, in an action pending in a state court prior to the filing of a bankruptcy petition against the defendant, plaintiff in such replevin suit claiming title on the ground that the property was purchased by means of the bankrupt's fraudulent representations, the bankruptcy court had no jurisdiction by a summary order to compel the sheriff to deliver the property to a receiver in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], invalidating levies, judgments, attachments, and liens obtained within four months against a person who is insolvent, and providing that the property so affected shall pass to the trustee, as such section only applies to property of the bankrupt.

2. REPLEVIN—REQUISITION—DISTINCTION FROM ATTACHMENT.

The distinction between a requisition in replevin and a lien created by an attachment levy is that the former deals primarily with the property of the plaintiff in replevin, and the latter with the property of the debtor.

Petition to Review Order of the District Court of the United States for the Southern District of New York, in Bankruptcy.

For opinion below, see 158 Fed. 223.

On petition to review an order directing the sheriff of New York county to deliver to the receiver in bankruptcy merchandise seized by said sheriff by virtue of a writ of replevin in an action duly commenced in the City Court of New York wherein Simon and Lewis Brinn (the petitioners for review herein) were plaintiffs and the bankrupt was defendant.

Alexander S. Marcuson and Samuel J. Rawak, for petitioners.

Stern, Singer & Barr (E. W. Tyler and Henry B. Singer, of counsel), for receiver.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. Prior to the proceedings in bankruptcy the petitioners herein commenced an action of replevin in the City Court of New York against L. Rudnick & Co., a corporation, alleging that they were the owners of property, described in a schedule annexed to the complaint, which was unlawfully taken and detained by the defendant, demand for its return having been made and refused. An undertaking in double the value of the property, approved by the sheriff, was given, the sureties agreeing to be responsible for the return of the property if the plaintiffs failed in establishing title to the same. In short, the property in question had been taken April 19, 1907, and was in the control of a court having jurisdiction prior to the filing of the petition in bankruptcy, which was on the following day, April 20, 1907.

It is undisputed that the replevin suit complied in all respects with the provisions of the New York Code and that the question of ownership of the property can be fully tried and determined in that action. On the 6th of May, 1907, upon petition of the receiver in bankruptcy and after hearing on said petition, the district court directed the sheriff of the county of New York to deliver the property taken by him to the receiver in bankruptcy. We are therefore confronted squarely with the question: Where the sheriff in an action pending in a state court holds property in replevin taken by him prior to bankruptcy proceedings under claim of ownership, has the district court jurisdiction by summary order to compel the sheriff to deliver the property to a receiver appointed by said District Court? It is contended on behalf of the receiver that the sheriff seized property not included in the requisition and in excess of the amount necessary to satisfy the plaintiff's claim; but the question thus suggested is not before us for determination. The order directs the delivery to the receiver of all the property taken, without distinction or qualification, and it is this order that is the subject of review. If the court in bankruptcy, after investigation, had directed certain designated property of the bankrupt not sold to it by the plaintiffs in replevin, or property in excess of their demand, to be delivered to the receiver, a different question might be presented.

It is also argued for the receiver that the affidavits presented by him tend to show that the property belonged to the bankrupt. The plaintiffs in replevin, on the contrary, allege that they were induced to sell

the property to the bankrupt by false and fraudulent representations and that the title never passed. These allegations of fraud are not denied by the bankrupt. It is obvious, therefore, that the question of the title to the goods is one of fact, which can be fully determined in the pending action, and if the bankrupt's successor in interest (the receiver or trustee) can prove his contention, he will be entitled to the return of the goods or their value.

The argument of convenience and expediency is not properly before us, but it cannot be denied that a question which involves the title to property can, to say the least, be determined as well in a plenary suit, where witnesses are seen, examined and cross-examined, as in a summary proceeding based solely upon affidavits. There is no form of action known to the common law in which the rights of both parties can be safeguarded so thoroughly as in an action of replevin. The jurisdiction of the District Court is purely statutory and unless the bankruptcy act permits the taking of property from a state official holding it under process duly issued, the right to do so cannot be maintained.

It is contended that section 67f of the act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), invalidating levies, judgments, attachments and liens obtained within four months against a person who is insolvent and providing that the property so affected shall pass to the trustee as part of the estate of the bankrupt, vests the necessary power in the District Court. We cannot accede to this view. It is manifest that the section in question deals with the property of the bankrupt. Assuming that Congress might lawfully pass a law requiring the property of third parties, found in the possession of the bankrupt, to be turned over to his trustee as part of his estate; it is sufficient for the purposes of this review that Congress has not done so in the present act. If A. leaves his coat with B. to be repaired and B. refuses to return it, A. can reclaim it in an action of replevin, and the status of that suit is not affected by the fact that B. subsequently becomes a bankrupt. The mere assertion by B. of ownership in the coat does not oust the court of jurisdiction and transfer the controversy to the bankruptcy court. It presents a question of fact merely, to be tried in the court first obtaining possession of the property.

The distinction between a requisition in replevin and a lien created by levy or attachment is that the former deals primarily with the property of the plaintiff in replevin and the latter with the property of the bankrupt. It is of no moment that the title is in dispute. This is true in every contested replevin suit, and it is this question which the court must determine before judgment can be rendered. In the case of Russell and Birkett, 101 Fed. 248, 41 C. C. A. 323, decided April 3, 1900, this court early recognized as applicable to the bankruptcy act of 1898 the general principle that where a court of competent jurisdiction duly obtains possession of property, the title to which is in dispute, it is entitled to retain possession and no other court can lawfully interfere. The court said:

"When property is in the actual possession of a court this draws to it the right to decide upon conflicting claims to its ultimate possession and control (Rouse v. Letcher, 156 U. S. 47, 49, 15 Sup. Ct. 266, 267, 39 L. Ed. 341), and as between two courts exercising concurrent jurisdiction, the court which

first acquires possession will maintain its possession intact. * * * A federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody. Summers v. White, 36 U. S. App. 395, 71 Fed. 106, 17 C. C. A. 631; Louisville Trust Co. v. City of Cincinnati, 47 U. S. App. 36, 76 Fed. 296, 22 C. C. A. 334."

This view is sustained by the following authorities: Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; In re Baudouine, 101 Fed. 574, 41 C. C. A. 318.

The order of the District Court is reversed.