# ROCK ISLAND PLOW COMPANY, a Corporation, v. WESTERN IMPLEMENT COMPANY, a Corporation.

### (132 N. W. 351.)

**Sales — Conditional Sales — Filing as Chattel Mortgage.**

1. The plaintiff sold goods to L. & K. upon a contract reserving title until payment. The defendant secured possession of the goods before the said contract was filed with the register of deeds, but does not claim to be a subsequent creditor without notice, or a purchaser or encumbrancer in good faith for value. Under those facts the reservation of title is not void as to this defendant.

**Conditional Sale — Bankruptcy — Jurisdiction of Federal and State Courts — Conflict.**

2. After filing the said contract, plaintiff commenced an action in claim and delivery against the defendant, and the sheriff took the goods into his possession. The defendant rebonded and retained the goods. Three days later L. & K. filed a petition in bankruptcy, and their trustee took the said goods from this defendant in an action in the United States courts, but without making this plaintiff a party. *Held,* that the said property was in the lawful custody of the state courts, and that the defendant could not plead the action of the trustee as a defense in the action in the state court.

**Courts — Federal and State Courts — Conflicting Jurisdiction.**

3. The Federal courts will neither interfere with property in the lawful pos-

session of the state courts, nor tolerate interference by the state courts with property in its custody.

### Courts — Federal and State Courts — Conflicting Jurisdiction.

4. Between two courts exercising concurrent jurisdiction, the court which first acquires possession will maintain its possession until final judgment.

Opinion filed April 3, 1911.   Rehearing denied Sept. 12, 1911.

Appeal from District Court, Ward County; *Goss,* Judge.

Action by the Rock Island Plow Company against the Western Implement Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*R. H. Bosard* and *G. W. Twiford,* for appellant.

Bankruptcy court dealing with property in its possession has power to pass on liens thereon. McHenry v. La Société Francaise D'Epargnes, 95 U. S. 58, 24 L. ed. 370; Whitney v. Wenman, 198 U. S. 539, 49 L. ed. 1157, 25 Sup. Ct. Rep. 778; Ray v. Norseworthy, 90 U. S. 128, 23 L. ed. 116; Houston v. City Bank, 6 How. 486, 12 L. ed. 526; Clarke v. Rosenda, 5 Rob. (La.) 39; Conrad v. Prieur, 5 Rob. (La.) 49; Lewis v. Fisk, 6 Rob. (La.) 162.

To justify sale by bankruptcy court, notice must be given of the application to sell. The Lottawanna (Wilson v. Bell) 20 Wall. 201, 226, 22 L. ed. 259, 264; Nations v. Johnson, 24 How. 195, 206, 16 L. ed. 628, 632; Harris v. Hardeman, 14 How. 339, 14 L. ed. 444; Borden v. Fitch, 15 Johns. 141, 8 Am. Dec. 225.; Buchanan v. Rucker, 9 East, 192, 1 Campb. 65, 9 Revised Rep. 531; Webster v. Reid, 11 How. 460, 13 L. ed. 770; Boswell v. Otis, 9 How. 350, 13 L. ed. 170; Oakley v. Aspinwall, 4 N. Y. 513; Weed v. Weed, 25 Conn. 337; Means v. Means, 42 Ill. 50; Hill v. Hoover, 5 Wis. 386, 68 Am. Dec. 70; Wallis v. Thomas, 7 Ves. Jr. 292; Rockland Water Co. v. Pillsbury, 60 Me. 427; Lane v. Wheless, 46 Miss. 666; Hettrick v. Wilson, 12 Ohio St. 138, 80 Am. Dec. 337.

Referee is regarded as the court. Re Simon, 151 Fed. 507, 18 Am. Bankr. Rep. 205; Re McIntire, 142 Fed. 593, 16 Am. Bankr. Rep. 85; Re Moody, 131 Fed. 525; Re Kellogg, 57 C. C. A. 547, 121 Fed. 333, 10 Am. Bankr. Rep. 7; Re Sanborn, 96 Fed. 551, 3 Am. Bankr. Rep. 54; Re Drayton, 135 Fed. 883, 13 Am. Bankr. Rep. 602; Hewitt v. Berlin Mach. Works, 194 U. S. 296, 48 L. ed. 986, 24 Sup. Ct. Rep. 690; Re Rochford, 59 C. C. A. 388, 124 Fed. 182, 10 Am. Bankr.

Rep. 608; Bryan v. Bernheimer, 181 U. S. 188, 45 L. ed. 814, 21 Sup. Ct. Rep. 557; Mueller v. Nugent, 184 U. S. 1, 46 L. ed. 405, 22 Sup. Ct. Rep. 269.

*Blaisdell, Bird, & Blaisdell,* for respondent.

*Res judicata* must be pleaded. Kilpatrick v. Kansas City & B. R. Co. 38 Neb. 620, 41 Am. St. Rep. 741, 57 N. W. 664; Bays v. Trulson, 25 Or. 109, 35 Pac. 26; Meiss v. Gill, 44 Ohio St. 253, 6 N. E. 656; Troyer v. Dyar, 102 Ind. 396, 1 N. E. 728; Brown v. Campbell, 110 Cal. 644, 43 Pac. 12; McLean v. Baldwin, 136 Cal. 565, 69 Pac. 259; Boston & C. Smelting Co. v. Reed, 23 Colo. 523, 48 Pac. 515; Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; First Nat. Bank v. Williams, 126 Ind. 423, 26 N. E. 75; Reilly v. Bader, 50 Minn. 199, 52 N. W. 522; Warder v. Baldwin, 51 Wis. 450, 8 N. W. 257; Eikenberry v. Edwards, 67 Iowa, 14, 24 N. W. 570; Independent Dist. v. Merchants' Nat. Bank, 68 Iowa, 343, 27 N. W. 255; Delphi v. Startzman, 104 Ind. 343, 3 N. E. 937; Parliman v. Young, 2 Dak. 175, 4 N. W. 139, 711; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am. St. Rep. 554, 55 N. W. 580; Morris v. Ewing, 8 N. D. 99, 76 N. W. 1047.

Federal courts will not interfere with property in the custody of a state court, nor tolerate interference by a state court with property in Federal courts. Re Russell, 41 C. C. A. 323, 101 Fed. 248; Linstroth Wagon Co. v. Ballew, 8 L.R.A.(N.S.) 1204, 79 C. C. A. 470, 149 Fed. 960, and cases cited; Re E. W. Newton & Co. 83 C. C. A. 23, 153 Fed. 841; Louisville Trust Co. v. Cincinnati, 22 C. C. A. 334, 47 U. S. App. 36, 76 Fed. 296; Re L. Rudnick & Co. 88 C. C. A. 85, 160 Fed. 903.

*R. H. Bosard* and *G. W. Twiford,* in reply.

Objection that *res judicata* is not pleaded cannot be first raised on appeal. Kilpatrick v. Kansas City & B. R. Co. 38 Neb. 620, 41 Am. St. Rep. 741, 57 N. W. 664; Bays v. Trulson, 25 Or. 109, 35 Pac. 26; Meiss v. Gill, 44 Ohio St. 253, 6 N. E. 656; Troyer v. Dyar, 102 Ind. 396, 1 N. E. 728; Brown v. Campbell, 110 Cal. 644, 43 Pac. 12; McLean v. Baldwin, 136 Cal. 565, 69 Pac. 259; Boston & C. Smelting Co. v. Reed, 23 Colo. 523, 48 Pac. 515.

Stipulation of facts waives the necessity of pleading them. Evans v. Woodsworth, 213 Ill. 404, 72 N. E. 1082; First Nat. Bank v. Williams, 126 Ind. 423, 26 N. E. 75; Reilly v. Bader, 50 Minn. 199, 52

N. W. 522; Warder v. Baldwin, 51 Wis. 450, 8 N. W. 257; Eiken-
berry v. Edwards, 67 Iowa, 14, 24 N. W. 570; Independent Dist. v.
Merchants' Nat. Bank, 68 Iowa, 343, 27 N. W. 255; Delphi v. Startz-
man, 104 Ind. 343, 3 N. E. 937; Parliman v. Young, 2 Dak. 175, 4
N. W. 139, 711; Fahey v. Esterley Mach. Co. 3 N. D. 220, 44 Am.
St. Rep. 554, 55 N. W. 580; Morris v. Ewing, 8 N. D. 99, 76 N. W.
1047.

BURKE, J.   The facts that brought about this litigation were stipu-
lated in the court below.   Briefly stated they are as follows:   The Rock
Island Plow Company is a foreign corporation engaged in the manu-
facture and sale of plows and other farm implements.   Prior to the
commencement of this action, they had sold to Lorge & Knorr, local
dealers of Minot, North Dakota, machinery to the value of $1,000,
upon a contract that reserved the title to said property in the vendors
until payment had been made in full upon the purchase price.   This
contract was not filed with the register of deeds until October 27,
1905.   On October 23, 1905, the Western Implement Company se-
cured possession of said goods, and all of the same, from said Lorge &
Knorr, and were in possession on October 28, 1905, when this action
was commenced.   The Rock Island Plow Company, this plaintiff,
brought this action in claim and delivery, regularly, and the sheriff
of Ward county took possession of the goods and delivered them to the
plaintiff.   The defendant immediately rebonded, and the property was
returned to it by the sheriff.   On October 31, 1905, Lorge & Knorr
filed a voluntary petition in bankruptcy.   Their trustee claimed the
goods from the defendant, and recovered their possession in a suit in
the United States court.   In said suit the plaintiff was not represented,
and its claim to said goods was never brought to the attention of the
United States court.   Later this plaintiff demanded his property of the
trustee and of the referee in bankruptcy, but his demand was refused.
It was further stipulated that plaintiff is entitled to judgment against
the defendant in the sum of $1,075, unless the foregoing facts in them-
selves furnish a sufficient defense.

The trial court adopted the stipulated facts, and filed his conclusions
of law to the effect that the defendant was liable, and judgment was
entered accordingly.   The case was then appealed to this court.   It
must not be forgotten that the plaintiff, in its complaint, has alleged

that it was entitled to the immediate possession of the goods in suit upon October 28, 1905; that the said property was unlawfully detained from them by the defendant, and was valued at $1,000. If it supports those allegations, it is entitled to the relief demanded, to wit, the return of the property, or its value if delivery is impossible, and for damages caused by its detention.

The first question arises upon the ownership of the goods. It will be remembered that the contract reserving title in plaintiff was not filed until October 27, 1907. Defendant insists that the said reservation of title is void under § 6181 of the Revised Codes of 1905, which provides that such reservations shall be void as to subsequent creditors without notice, and purchasers and encumbrancers in good faith and for value, unless the contract containing the reservation is in writing, and filed and indexed the same as a mortgage. However, the stipulated facts do not show the defendant to be entitled to make this claim. It was not a subsequent purchaser without notice, nor a purchaser or encumbrancer in good faith for value. The stipulation merely recites that the defendant upon October 23, 1905, obtained possession of the goods from Lorge & Knorr. As against them the contract of reservation was good. See Thompson v. Armstrong, 11 N. D. 198, 91 N. W. 39. Plaintiff had proven his title and was entitled to recover. The defendant further claims that when the plaintiff demanded the property from the referee in bankruptcy, he submitted the question of ownership to said referee, and is now bound by his decision. This claim is so clearly wrong that it hardly deserves consideration. In the first place the refusal of the referee to return the goods comes a long way from being an adjudication of the Federal courts, besides it is well settled that the Federal courts will not interfere with the state courts in their lawful possession of property in replevin actions. See Re L. Rudnick & Co. 88 C. C. A. 85, 160 Fed. 903, and cases cited.

In the case just cited the United States circuit court of appeals uses this language: "We are therefore confronted squarely with the question, Where the sheriff in an action pending in a state court holds property in replevin, taken by him prior to bankruptcy proceedings under claim of ownership, has the [United States] district court jurisdiction by summary order to compel the sheriff to deliver the property to a receiver appointed by said district court? . . . The jurisdiction of the district court is purely statutory, and unless the bankruptcy act

permits the taking of property from a state official holding it under process duly issued, the right to do so cannot be maintained. . . . Assuming that Congress might lawfully pass a law requiring the property of third parties found in the possession of the bankrupt, to be turned over to his trustee as part of his estate, it is sufficient for the purposes of this review that Congress has not done so in the present act."

In the case of Re Russell, 41 C. C. A. 323, 101 Fed. 248, the circuit court of appeals says: "When property is in the actual possession of a court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control, . . . and as between two courts exercising concurrent jurisdiction, the court which acquires possession will maintain its possession intact. . . . A Federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody."

The stipulated facts show that the state courts had acquired jurisdiction of the property three days before the filing of the petition in bankruptcy. The foregoing authorities establish the right of the said state courts to retain possession thereof until final determination of the dispute regarding the title. The defendant might have left the possession of the property with the plaintiff, and accepted their bond for its return if so decreed. They would not do this, but insisted upon the possession themselves, pending the suit. They gave a bond for its return to the plaintiff if so ordered. It is not the fault of the plaintiff that the goods were taken by an unauthorized person. The defendant must now return the goods or make good his bond.

The plaintiff has sustained all the allegations of his complaint and is entitled to recover. The judgment of the trial court was right, and is accordingly affirmed.

All concur, except MORGAN, Ch. J., not participating, and GOSS, J., disqualified. WINCHESTER, District Judge, sitting by request.