THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* REINFORCED PAPER BOTTLE CORPORATION and Others, Defendants.*

Supreme Court, Special Term, New York County, January 4, 1941.

*John J. Bennett, Jr., Attorney-General [Bertha Schwartz, Assistant Attorney-General, of counsel], for the plaintiff.*

*Peaslee, Brigham & Albrecht [Raymond G. Albrecht of counsel], for the defendants.*

EDER, J.   This is a motion by plaintiff to amend the judgment herein and deem it filed *nunc pro tunc* as of March 30, 1940, in the form of the proposed amended judgment submitted herewith, on the ground that in the original judgment, dated March 25, 1940, and filed March 30, 1940, through inadvertence, an adjudication was omitted therefrom that the assets of the defendant corporations existing at the time of the appointment of the permanent receiver herein were derived by them through the fraudulent practices described in the complaint therein, as established in the findings after the trial of the action.   Defendants claim, in opposition, that no such relief was sought in the complaint, and, also, that this court is without power to grant such relief.

This action was instituted under article 23-A of the General Business Law, commonly known as the Webb-Martin Act, which

* See, also, 176 Misc. 464.

empowers the Attorney-General to institute an action to enjoin fraudulent practices in the sale of securities. (§ 353.) It further provides for the appointment of a receiver under section 353-a, which, among other things, provides that " In any action brought by the Attorney-General as provided in this article, the court at any stage of the proceedings may appoint a receiver of any and all property derived by the defendant or defendants or any of them by means of any such fraudulent practices * * *. The judgment entered in such action may provide that such receiver shall take title to any or all such property * * *." There is in the decision of the court a finding of fact reading as follows: " 53. That all the assets of both defendant corporations have been derived from the aforesaid fraudulent practices."

The instant motion to amend is made nine months after the judgment was entered; no reason is given in the moving papers why this inadvertence was not sooner discovered, and it may be assumed that in drafting the form of judgment it was drawn with due regard to the findings as embodied in the decision. While laches, perhaps, might be an answer to the instant application, in the absence of any better excuse for the delay in making the present motion, in view of the nature of the action, the public interest involved, and plaintiff's success therein, I am disposed to determine it on the merits, particularly because of the finding of fact No. 53 that all the assets of both defendant corporations have been derived from the aforesaid fraudulent practices, and because, too, it appears that the defendant corporations have been petitioned in bankruptcy in the State of Delaware and the allegation that it is by means of these bankruptcy proceedings that attempt is now made to circumvent the benefits to plaintiffs in this action of the judgment recovered herein and thereby nullify the effects of the judgment and destroy the receivership herein. The charge is made that the bankruptcy proceedings are nothing more or less than a new fraud under the guise of legal protection. This situation necessarily creates an intense and compelling interest, to the end that if power resides in this court to grant the relief sought, that such disposition be made that the interests of justice be best served, and not thwarted. Of course, if all of the assets have been derived from the defendant's fraudulent practices, it would seem clear that the receiver should have them, unless some insurmountable barrier prevents it.

A part of the ensuing litigation herein has reached the United States Circuit Court of Appeals, Second Circuit, in connection with an appeal by the receiver from an order in the defendant Koch's arrangement proceeding under chapter XI of the Chandler Act.

(U. S. Code, tit. 11, § 701 *et seq.*) A decision was rendered on December 2, 1940. (*Matter of Koch*, 116 F. [2d] 243, opinion Swan, C. J. [*Hirson, Permanent Receiver*].) In its opinion the Circuit Court of Appeals, among other things, said: " The appellant contends that the State court judgment vested in him title to the property obtained by the debtor through fraudulent practices and thereby removed it from the summary jurisdiction of the bankruptcy court, which under sec. 311 of the Bankruptcy Act, 11 U. S. C. A. § 711, administers only property of the debtor. If it were true that prior to the institution of the debtor's arrangement petition, the State court had determined that specific property in the debtor's possession belonged not to her but to a defrauded purchaser of stock, the appellant's position would be unassailable. But the premise that the State court judgment *ex proprio vigore* vested the receiver with title to all or any of the debtor's property will not withstand scrutiny. The Martin Act permits the Attorney General to institute an omnibus proceeding against a fraudulent defendant in which his victims may intervene to claim their property or its proceeds. If no intervenor establishes his right to property of which the receiver has taken possession, it is to be returned to the defendant. The State court judgment did not purport to decide what property of the debtor had been derived by means of her fraudulent practices, nor to vest the receiver with title to all of her property. Identification of the property of which he was to take title for the benefit of defrauded persons remained to be determined by further proceedings, and the receiver would have no right to take any specific property from the debtor's possession without a judicial finding that such property was the proceeds of the debtor's fraud or resulted from so intermingling such proceeds with other property that identification of the proceeds themselves was impossible. *People* v. *Lowther*, 241 App. Div. 524, * * *. Without identification of property no title thereto can vest in the receiver; and until the receiver or some intervening victim of the defendant's fraud makes claim in the action to some specific property in the defendant's possession, we do not think it can be deemed a suit *in rem*, and as such have precedence over the bankruptcy proceedings. Cf. *In re Rudnick & Co.*, 160 F. 903; *In re Braun*, 7 Civ., 3 F. [2d] 247, actions in replevin by defrauded sellers."

A reading of the Martin Act indicates that it is not a proceeding *in rem*, and, while the judgment of the court invests the receiver with title to property derived by fraud, the identification of such property must be determined, and until in such proceeding the property derived by the fraud of the defendants is established, the

receiver has no right to it. This is a point strenuously made by the defendants. To meet and overcome it, and predicated upon finding of fact No. 53, the plaintiff seeks to amend the judgment to read as follows: " Ordered, adjudged and decreed that all of the assets of Reinforced Paper Bottle Corporation and Safety Service Milk Bottle Corporation in the possession and under the control of said corporations at the time of the appointment of the receiver herein, was derived by said corporations as a result of the fraudulent practices described in the complaint herein, as established upon the trial hereof."

The complaint herein sought relief enjoining the defendants from selling, etc., securities in this State, as defined in article 23-A of the General Business Law; the appointment of a temporary receiver, and the appointment of a permanent receiver in the judgment, of any and all property derived by means of the fraudulent practices charged; I do not find, from a careful perusal of the complaint, that plaintiffs sought an adjudication as to whether or not the assets of the defendants were derived through fraud, though this is declared by the aforementioned finding of fact. Be that as it may, an examination of article 23-A does not appear to authorize the incorporation of such relief as is sought by this motion, by its inclusion in the judgment, and, so far as I am aware, in all proceedings under this statute, after the defendants are enjoined and the receiver is appointed, it is necessary to litigate in a subsequent proceeding the question as to what assets the receiver is entitled, and no other procedure appears to be permitted. The Attorney-General has not referred this court to any statute or decision holding otherwise.

The trial court made ninety-one findings of fact, of which sixty were submitted by plaintiffs; none of these ninety-one findings are embodied in the judgment, and I have been unable to find any authority for the inclusion of findings of fact or law in the judgment; indeed, it has been held improper to include findings of fact as part of the judgment. (*Porter* v. *International Bridge Co.*, 200 N. Y. 234, 252; *Lehigh Valley R. R. Co.* v. *Canal Board*, 204 id. 471, 477; *Bianchi* v. *Leon*, 218 id. 646; *Seaside Home for Crippled Children, Inc.*, v. *Atlantic Beach Associates*, 241 id. 550.) Nor has the Attorney-General referred this court to any authority, statutory or by judicial fiat, which permits it.

In view of the foregoing I am of the opinion that the relief sought cannot be granted, and the motion is, accordingly, denied. Submit order.