Paul FRAZIER *v.* FIRESTONE STORES OF
HOT SPRINGS, INC. et al

5-5750                                              476 S.W. 2d 4

Opinion delivered February 14, 1972

*Dan McCraw,* for appellant.

*Hobbs & Longinotti,* for appellees.

J. FRED JONES, Justice. Firestone Stores of Hot Springs, Inc. claiming to be the owner and entitled to the possession of certain merchandise in the possession of Paul Frazier, filed a replevin suit against Frazier in the Garland County Circuit Court and obtained possession of the merchandise. Frazier has appealed from an order of the Garland County Circuit Court confirming Firestone's right to the possession of the merchandise and he relies on the following points for reversal:

"The court erred in finding that the appellant failed to answer or otherwise plead within the time allowed by law.

The court erred in granting relief at this time.

There is insufficient evidence upon which to grant relief to the appellee.

The court erred in not granting relief to the appellant."

The transcript reveals the following facts: On March 24, 1969, Firestone filed its verified complaint in the Garland County Circuit Court alleging its ownership and right to possession of specific items of merchandise in the wrongful possession of Paul Frazier and Firestone prayed judgment for the recovery of the property. Simultaneously with the filing of the complaint, the circuit clerk of Garland County issued an order for delivery, directing the sheriff of Garland County to take from

the possession of Frazier the listed property, and to deliver same to Firestone upon its giving bond as required by law (Ark. Stat. Ann. § 34-2105 [Repl. 1962]). The sheriff also was commanded to summon Frazier to appear in the circuit court of Garland County within 20 days and answer in said cause. Firestone gave bond as required by law and on the same date, March 24, 1969, the sheriff made his return on the order of delivery, reciting that he had picked up all the designated items except one item that had been sold and another which at the time was in a pawnshop.

No retention or redelivery bond was filed by Frazier and he filed no answer to Firestone's complaint. He did on April 7, 1969, file an order of a referee in bankruptcy dated March 31, 1969, reciting that on March 28, 1969, Frazier and his wife had filed a proceeding in the United States District Court under Chapter XIII of the Bankruptcy Act, and that simultaneously the debtors and their property came within the exclusive jurisdiction of the bankruptcy court. The order further recited that upon petition of Frazier, by his attorney, for an order temporarily restraining Firestone from proceeding further in a suit in the circuit court of Garland County in case No. 11,505, the state proceedings should be temporarily restrained pending a hearing and the order then recited:

"ORDERED, that Firestone Stores of Hot Springs, its employees, agents and attorneys, be, and they hereby are, temporarily stayed from any further proceedings in the Circuit Court of Garland County, Arkansas, against Paul Frazier and Nancy Dianne Frazier.

IT IS FURTHER ORDERED, that Firestone Stores of Hot Springs, Inc., shall appear before this Court at a time and place later to be determined, of which timely notice shall be given, and show cause why this temporary Order should not be made permanent.

Entered at Little Rock, this 31st day of March, 1969."

After filing the above order on April 7, 1969, nothing further appears in the record, and apparently no further action was taken in the matter, until on March 25, 1970, when Frazier filed his petition reciting that he had filed a petition in bankruptcy and that a temporary order had issued from the referee in bankruptcy as above set out. Frazier then alleged that Firestone was duly notified of the bankruptcy action; that more than six months had expired since Firestone received such notice and that it had failed to file a claim in the bankruptcy proceedings. He then alleged that the claim of Firestone for alleged debt was forever barred under provisions of the Bankruptcy Act and that by failure to file proper claims in the bankruptcy proceeding, Firestone had waived its lien on the property taken by the sheriff in the replevin proceedings. Frazier then prayed that the complaint of Firestone be dismissed with prejudice; that the possession of the property be redelivered to Frazier and that Firestone's bondsmen be required to respond in damages to Frazier for any property disposed of or damaged while in the possession of Firestone.

Apparently in response to the above petition filed by Frazier, the circuit court on May 6, 1971, entered the order appealed from, reciting that on March 24, 1969, the writ of replevin was issued and served and possession of the property was taken thereunder; that the defendant failed to answer or otherwise plead and failed to file a retention or redelivery bond for the retention or redelivery of the property; that Firestone in its complaint sought only possession of the property and not judgment for any sum of money; that Frazier's petition for damages was filed on March 25, 1970, and not within the time permitted by law; that the referee in bankruptcy in the proceedings under Chapter XIII of the Bankruptcy Act, did not reclaim the property described in plaintiff's complaint nor adjudicate plaintiff's title thereto. The trial court then entered its order as follows:

"IT IS, THEREFORE, ordered and adjudged that plaintiff's possession of the Philco color TV, the Philco radio, the Philco phonograph, and the Firestone air conditioner under said Writ of Replevin

be confirmed, that plaintiff's bond be discharged, and the defendant's petition be dismissed."

We are unable to agree with the appellant's argument in this case. The filing of a temporary order of a referee in bankruptcy staying a plaintiff in a replevin suit previously filed in state court from proceeding further in the state court; and further directing such plaintiff to appear before the referee at a time and place to be later determined, simply does not amount to the filing of an answer to a complaint in replevin. The property involved in this case had apparently already been delivered to Firestone under its claim of ownership before Frazier even filed his petition in bankruptcy under Chapter XIII of the Bankruptcy Act. In the replevin action Firestone filed replevin bond in the amount of $1,116.18 and apparently obtained possession of the property. Firestone did nothing else at all in the matter because it had obtained all it requested prior to the date Frazier filed his petition in bankruptcy. The record before us does not show whether Firestone was ever notified of the time and place it was directed to appear before the referee in bankruptcy, or whether a hearing was ever had at such time or place. Furthermore the order of the referee in bankfuptcy only purported on its face to apply to the Fraziers *and their property* and certainly there is no evidence that the bankruptcy court ever found that the property involved in this case was the property of the Fraziers. If it had so found, no one questions its authority to take possession of the property. There is no evidence as to what finally happened in the bankruptcy proceedings, but we can only surmise, from the allegation in his petition that "the alleged debt is forever barred under the provisions of the Bankruptcy Act," that Frazier was finally discharged under the Bankruptcy Act.

There is no evidence that Firestone proceeded any further in the matter after the referee's order of March 31, 1969; it was Frazier who proceeded further when he filed his petition in the circuit court on the 24th day of March, 1970. Frazier has never claimed that he is the owner of the property involved in this case and has

never denied Firestone's claim as to its right to possession. Frazier simply says now, exactly one year after Firestone recovered the possession of the property under replevin, Firestone's failure to appear before the bankruptcy court at a time and place later to be determined of which timely notice would be given, somehow entitled Frazier to regain possession of the property and be awarded damages for its detention.

There is ample authority to the effect that a suit by way of replevin or otherwise to determine title to property, is not abated for want of jurisdiction to proceed, by the bankruptcy of the defendant, where the property involved was seized in pursuance of the suit before the filing of the bankruptcy petition. 9 Am. Jur. 2d § 58, Bankruptcy; *Linstroth Wagon Co.* v. *Ballew*, 149 F. 960; *In re: L. Rudnick & Co.*, 160 F. 903; see also 8 C. J. S. § 29 (1), Bankruptcy, p. 677.

Ark. Stat. Ann. § 27-308 (Repl. 1962) as well as the summons served on Frazier, limited his time for filing answer to 20 days after service of the summons upon him. Ark. Stat. Ann. § 27-1121 (Repl. 1962) provides for the form and content of answers in civil cases in four different paragraphs and the appellant in this case complied with none of them. Ark. Stat. Ann. § 29-401 (Repl. 1962) provides as follows:

> "Judgment by default shall be rendered by the Court in any case where an appearance or pleading, either general or special, has not been filed within the time allowed by this Act; provided, that the Court may for good cause allow further time for filing an appearance or pleading, if application for granting further time is made before expiration of the period within which the appearance or pleading should have been filed; and that nothing in this Act shall impair the discretion of the Court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty or other just cause."

The judgment of the trial court is affirmed.