**In re GREEN et al.**

**No. 22005.**

**District Court, E. D. New York.**

**May 9, 1932.**

Barnett & Mintz, of Brooklyn, N. Y., for receiver.

Davies & Lesser, of New York City (Harry Yarm, of New York City, of counsel), for Abramson.

BYERS, District Judge.

The receiver of the bankrupts above named seeks by this motion, which has been referred by the judge holding the motion part, to enjoin the prosecution in the Supreme Court of the State of New York, County of Bronx, of an action for conversion brought against him by one Harry A. Abramson; the complaint being verified March 31, 1932.

In that complaint, it is alleged that the receiver individually and in his representative capacity, on or about the 16th of March, 1932, wrongfully took certain goods from plaintiff's possession and converted them to his use, all to the plaintiff's damage in the sum of $2,500, and that a demand has been made for the return of the said goods, which has been refused; wherefore judgment is sought in the sum of $2,500 with interest from March 14, 1932.

The plaintiff in that action made a motion in this proceeding on March 21st, based upon an affidavit verified on March 17, 1932, wherein he sought an order directing the receiver to remove the lock placed by him upon the place of business formerly owned by the bankrupts herein, and for other and further relief. That motion was decided by me.

The affidavit of Abramson, upon which the said motion was based, recites the filing of the voluntary petition herein by the above-named bankrupts on the 14th day of March, 1932, and that the bankrupts at that time were engaged in business as retail grocers at No. 8117 Fifth avenue, in this borough. That, prior to the 14th of March, three individuals, by the name of Krasne, obtained a warrant of attachment in the Municipal Court, Fifth District, Manhattan, against the above-named bankrupts, in the sum of $409.25, and that, at the same time, one Abraham Krasne obtained a warrant of attachment in the same court against the bankrupts in the sum of $325; both actions being for goods sold and delivered, and both actions being prosecuted by one firm of attorneys.

That, at the same time, another attorney filed warrants of attachment on behalf of two other creditors, representing claims of $250 and $166, respectively, and that all of said warrants were duly issued to a city marshal by the name of Samuel Gross "who levied upon the property of the said bankrupts in their said place of business"; that "an order was obtained by the said Samuel Gross * * * who made the said levies, to sell the said property pursuant to the said levies made by him, and that said property was offered for sale (place not disclosed) on March 12th, 1932, at 12 o'clock noon"; that Abramson attended the sale (again the place was not stated), and the property was sold by the marshal to one Henry Louis Hollander for the sum of $780"; that Abramson, after the sale, purchased the property from Hollander for the sum of $880; and that Abramson "thereafter took possession of the said property at the said place of business, and has been in possession thereof ever since."

That the voluntary bankruptcy petition was filed on March 14, 1932, and that on the 16th the receiver was appointed, and quali-

fied, and that he "without the consent of deponent, and disregarding his protestations and objections, put a lock on the said place of business, which has been in the possession of deponent under the circumstances stated above."

Upon the foregoing grounds, Abramson asked for an order "directing the said receiver to remove said lock and release whatever possession or claim he appears to have against the said property, on such terms and conditions as to this Court may seem just and proper."

The affidavit then contains the following cryptic phrase: "Deponent further says that he appears specially in this proceeding for the purpose of making the application as stated above, and in no other way."

Upon the hearing of that motion, counsel for Abramson was permitted to file a supplemental affidavit for the purpose of setting forth all the facts with reference to the attachment proceedings, because it was stated on the argument, by the attorney for the receiver, that no order permitting the sale by the marshal was on file in the office of the clerk of the Municipal Court of the City of New York, in which the said actions had been brought; accordingly the attorney for Abramson filed an affidavit, verified March 22, 1932, in which he stated that the existence of an order permitting the sale by the marshal was realized to be of extreme importance, and that he had made a search of the records in the First District Municipal Court, Borough of Brooklyn, but was unable to find the order there; that he then proceeded to the office of the marshal, and found the order, together with the affidavit upon which it was granted; that the order was signed by Hon. Jacob A. Strahl, a Municipal Court Justice, and that, on March 22d, the attorney, with the permission of the marshal, filed the original papers with the clerk of the "said Court," and a certified copy of the order was annexed to the said attorney's affidavit; that the order authorized and empowered the marshal to sell at public auction all of the assets of the bankrupts, they being the defendants in the Municipal Court actions last referred to in the above recital, in order "to satisfy the writ of attachment issued out of said Municipal Court in said action, as well as any and all other writs of attachment in his hands for execution, upon notification at once of such sale, such notice to be given to the defendants' attorney."

The affidavit continues, that the power of sale is specifically provided for in section 923 of the Civil Practice Act, which has to do with the sale of perishable goods and animals, being under attachment. That section, among other things, provides: "The order directing the sale must prescribe the time and place of the sale, and notice thereof must be given in such manner and for such time as is prescribed in the order. * * * *"

The affidavit continues: "While the return of the Marshal in this particular case does not list the perishable merchandise as being attached, your deponent states that he has examined a copy of the returns in the other actions commenced in the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, and that these returns show that the Marshal did levy upon butter, eggs, cheese, milk, bread and cake and other articles of food stuff which would deteriorate if allowed to stand for any unreasonable length of time. The return, as your deponent is informed, in this particular case, only lists such merchandise as was enough to satisfy the levy upon the attachment therein."

The affidavit then refers to the provisions of the bill of sale from the marshal to Hollander, and the similar instrument from Hollander to Abramson, and then the following occurs:

"Your deponent respectfully submits that in view of the fact that the Marshal had an absolute right to sell, that when he sold pursuant to said order, he gave title to the purchaser and that the purchaser from said Marshal gave title to Harry A. Abramson when the said Harry A. Abramson purchased from him.

"Your deponent therefore respectfully asks that the motion to compel the receiver to remove the lock, be granted, upon such terms and conditions as the Court may deem proper in order to protect any possible rights that the receiver may have herein.

"As stated in open Court, deponent's office will accept from the receiver or any attorney representing the receiver, any papers in any action commenced in the State Courts to determine the validity of the title claimed by the applicant."

Annexed to the affidavit was a certified copy of the order signed by the said Municipal Court Justice on March 12, 1932.

It is to be noted that no copy of the affidavit therein referred to was annexed.

The order entitled in the Municipal

Court, etc., First District of Brooklyn, in the action brought by New York Wholesale Grocery Company, Inc., against the bankrupts, states that it appears from the said affidavit that the marshal has taken into custody "the assets of the above named defendants (namely, the bankrupts) under and pursuant to a writ of attachment issued out of this Court in this action, as well as through other writs of attachment issued out of this Court and out of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District; it is hereby

"Ordered, that Samuel Gross, a Marshal of the City of New York, be and he hereby is authorized and empowered to sell not before noon today, at public auction, all the assets of the above named defendants to satisfy the writ of attachment issued out of this Court in this action, as well as any and all other writs of attachment in his hands for execution, upon notification at once of such sale, such notice to be given to defendants' attorney.

"Dated, N. Y., March 12, 1932, at 9:26 A. M.               J. A. Strahl."

It will be observed that the foregoing order does not comply with section 923 of the Civil Practice Act, in that it fails to prescribe the place or time of the sale.

This court was called upon, in deciding the motion of March 21, 1932, to pass upon the claim of title asserted by the said Abramson, and with some elaboration presented by his attorney, in the affidavit above referred to; and, observing that the order of sale was fatally defective in the respects indicated, and hence that a sale, if indeed any was held pursuant thereto, was without the sanction of law, this court denied the motion; in other words, this court decided that Mr. Abramson, even with the aid of his attorney's affidavit, had not shown that legal title to the property of the bankrupts was vested in him, and consequently that the receiver should not be directed to remove the lock from the bankrupts' store.

The effect of that decision is now sought to be avoided by the same attorney, who asserts upon this motion that Mr. Abramson appeared in this court and made that motion in a special or restricted sense, not for the purpose of submitting himself to the jurisdiction of this court.

He either made that motion seriously and for the purpose of invoking the jurisdiction of this court in behalf of his claim of title, or he was trifling with the court.

It is held that Abramson's choice was deliberate, informed, and calculated to result in an adjudication upon the merits. It is thought that the attempt now to evade the consequences of that application is not compatible with a fair respect for the court to which it was presented.

Abramson has brought his action in the Supreme Court, County of Bronx, through the same attorneys that represented him upon the said motion.

The circumstances revealed resemble those in the case of In re Trayna & Cohn, 195 F. 486, 487, in which the Circuit Court of Appeals for the Second Circuit affirmed such an injunction as is here sought by the receiver, where the creditor had first sought relief in the bankruptcy court, and, not having achieved the result that he thought he ought to accomplish, instituted an action in the state court. Referring to the receiver, the court uses this language: "In any view he had a right to rely upon the question being determined in the tribunal whose jurisdiction the petitioner had invoked. Having by tacit consent and affirmative action induced the receiver to join issue with him in the bankruptcy court, the petitioner should not be permitted to remove the controversy to a tribunal which he may think more favorable to his contention. * * * We think the suit in the city court was vexatious and oppressive and that the petitioner was properly enjoined from prosecuting it."

In this case, the property of the bankrupts was in their possession at the time when the receiver qualified, and the claim to the contrary, unsuccessfully asserted by Abramson, is shown to have been founded upon activities of a city marshal which were illegally conducted, and which had for their object the accomplishment of that which it is the aim of the Bankruptcy Act (11 USCA) to defeat.

The receiver's motion for an injunction will be granted.

Settle order on two days' notice.